May Term,
1840.

M'CREARY *v.* HOOD.

M'CREARY
v.
HOOD.

Proof of the loss of an instrument of writing is sufficient to authorize the introduction of secondary evidence of its contents; notice to the adverse party of the loss, &c., not being necessary for that purpose.

The plaintiff's counsel, in his argument to the jury in an action of assumpsit for goods sold, &c., read and commented on a bill of particulars of his demand which was on file among the papers; and the jury were permitted to take the bill with them when they retired to consult of their verdict; to which the defendant objected on the ground that he had not demanded the bill, but the objection was overruled. *Held*, that the overruling of the objection could not be assigned for error.

*Monday,*
*June* 1.

ERROR to the *Allen* Circuit Court.

DEWEY, J.—Assumpsit for goods sold, labour done, money had and received, &c.; general issue, and two special pleas on which were issues of fact; verdict and judgment for plaintiff below.

On the trial of the cause, the plaintiff, having proved the loss of a letter from the defendant to him, offered parol evidence of its contents. The defendant objected, because the plaintiff had not previously given him notice of the loss of the original, and of his intention to prove its contents by parol, but the objection was overruled. The plaintiff's counsel in his argument to the jury read, and commented on, a bill of particulars, which was on file among the papers; and the jury were permitted to take the same with them when they retired to consult of their verdict; to all which the defendant objected on the ground that he had not demanded the bill of particulars; his objection was overruled. The admission of the parol testimony, and the permitting the jury to take the bill of particulars, are the only errors assigned.

There is not the slightest foundation for the first objection. The law requires no notice before introducing secondary evidence to prove the contents of a lost writing; proof of loss is sufficient for that purpose. The doctrine of notice, as a preliminary step, applies only to instruments in the possession of the adverse party.

The second objection is also not sustainable. The object of a bill of particulars is to give more precise information to a party, than can be derived from the declaration or plea, in some cases, and the Court, on application for that purpose,

will compel one to be furnished before trial. *Hanna* v. *Pegg*, 1 Blackf. 181.—*Lovelock* v. *Cheveley*, 1 Holt, 552. But if either party voluntarily furnish satisfactory particulars, there is no occasion for his adversary to apply to the Court for them; and it has been held, that when they were not produced in pursuance of a judge's order, but were presented after the time limited had expired, they could not be objected to on the trial. 1 Holt, 552. The bill of particulars, when regularly furnished, is considered as incorporated in the declaration or plea. 1 Tidd's Pr. 537. How the particulars, in the case before us, came to be furnished, the record does not inform us, nor are we told what use was made of them before the argument of the cause to the jury; but as they were among the files of the cause, and as counsel was permitted to advert to them, and the jury to take them, we must presume they had been recognized by the parties as regular, and that they had controlled the evidence. If so, the bill of items, being an exposition of the declaration, was properly permitted to be taken by the jury. But upon the supposition that there was some irregularity in suffering it to be taken by the jury, that is not a sufficient reason for setting aside the verdict. 2 Tidd's Pr. 795.

*Per Curiam.*—The judgment is affirmed, with 4 *per cent.* damages and costs.

*H. Cooper*, for the plaintiff.

*T. Johnson*, for the defendant.