# 638    APPELLATE COURTS OF ILLINOIS.

## Cleveland, C., C. & St. L. Ry. Co. v. Andrew Newlin and John T. Newlin.

1. CARRIERS—*Of Freight—Contracts Regarding Claims for Damages.*
—A contract between a carrier and shipper of freight, that no claim for
damages which may accrue to the shipper shall be allowed or paid by
the carrier, or sued for unless a claim for such loss or damage shall be
made in writing, verified by the affidavit and delivered to a freight claim
agent of the carrier at his office within five days from the time the
stock is removed from the cars, is *prima facie* valid and binding, unless
it has been waived or unless it appears that the facts concerning its execu-
tion are such as to relieve the shipper from its operation.

2. NOTICE—*To Produce Documents as Evidence.*—Notice to an adver-
sary to produce a document as evidence in the trial of a cause must be
served a sufficient length of time before the trial to enable him to pro
duce it or to make due search for it.

3. SAME—*When to be Dispensed With.*—The rule that when the paper
or document wanted is one which a party must know will be indispen-
sable to his adversary, notice to produce it may be dispensed with, does
not apply to papers which are not part of the contract sued on, nor of
the performance of any duty imposed by such contract.

4. EVIDENCE—*Degrees of Proof of the Contents of Documents.*—
Where satisfactory proof is made of the loss or inability of a party to
produce an instrument which the law does not make provision for
recording, copying, etc., and the evidence fails to disclose the existence of
any copy or other evidence better than parol known to the offering party.
within his power to produce, and there is nothing appearing to indicate
a copy, or fraud or deception, then the presumption arises that there is
no copy or other evidence better than parol, and a *prima facie* case is
made for the admission of parol testimony of the contents of the instru-
ment, unless the party objecting produces better evidence, or shows that
it exists and might have been produced by the party offering it.

5. CARRIERS—*Contracts Limiting Liability.*—A common carrier can
not, by contract, limit its liability for injuries resulting from its failure
to exercise ordinary care.

6. ATTORNEYS—*Improper Statements in Argument.*—In an action by
a shipper against a carrier of freight for damages, it is improper for an
attorney to say in the argument, "If this jury find a verdict for the
defendant in this case, you farmers in this county will have to pay for
it. Shippers won't pay anything for your cattle, for shippers must take
into consideration the damage that may be done. The farmers must
pay that damage. Shippers will not buy stock and lose fifty dollars on
a car."

Transcript, from a justice of the peace. Action to recover damages
for an injury to cattle by carriers. Appeal from the Circuit Court of

Crawford County; the Hon. Silas Z. Landes, Judge, presiding.  Heard in this court at the August term, 1897.  Reversed and remanded.  Opinion filed March 1, 1898.

C. S. Conger, attorney for appellant.

A common carrier stands on the same grounds as other bailees, and may excuse delay in the delivery of goods, by accident or misfortune, although not inevitable, or produced by the act of God.  All that can be required of him in such an emergency is that he shall exercise due care and diligence to guard against delay, and that if it occur without his fault or negligence, he shall omit no reasonable efforts to secure the safety of the goods.  Hutchinson on Carriers, Sec. 330; see also Galena & C. U. R. R. Co. v. Rae et al., 18 Ill. 488; Indianapolis & St. L. R. R. Co. v. Juntgen, 10 Ill. App. 295.

But the rule does not extend to the time of delivering goods; as to time, the carrier is answerable only for want of due diligence, and may excuse delay by showing accidents that are not inevitable.  Parsons v. Hardy, 14 Wend. 215.

The blockading of a crossing by another railroad was an accident, so far as appellant was concerned, for which it was in no way responsible.  So too, the condition of the track occasioned by the cold weather, which to some extent caused delay, was beyond appellant's control, and together with the delay of trains on the road was a good and valid excuse for the delay.  Chicago & A. R. R. Co. v. Simms, 18 Ill. App. 68.

The general rule is, that a party will not be allowed to give parol evidence of the contents of a paper in the possession of his adversary, unless he has given him or his counsel reasonable notice to produce it on the trial.  The object of the notice is, that the party having the custody of the original may bring it with him, and thereby furnish the best evidence of what it contains.  Ferguson v. Miles, 3 Gilm. 364.

Parol evidence of the contents of an instrument can not be given, when the instrument is in the hands of the opposite party, unless reasonable notice is served on the party or his attorney to produce it.  United States v. Winchester,

2 McLean, 135; Grimes v. Fall, 15 Cal. 63; State v. Lockwood, 5 Blackf. (Ind.) 145; Rogers v. Van Hoeson, 12 John. (N. Y.) 221; Dean v. Border, 15 Tex. 298.

Where a paper is in the hands of the opposing party, notice to produce it must be given before its contents can be shown by parol.    Webster v. Clark, 30 N. H. (10 Foster) 245.

When the instrument or writing is in the hands or power of the adverse party, there are, in general, no means in law of compelling him to produce it; but the practice in such cases is, to give him or his attorney a regular notice to produce the original, to lay a foundation for the introduction of secondary evidence of its contents, by showing that the party has done all in his power to produce the original. Greenleaf on Ev., Sec. 560; Rawson v. Curtiss et al., 19 Ill. 473; Wade on Law of Notice, Sec. 1257 *et seq.*

A notice to produce papers, must be in writing.    A party is not bound to pay any attention to a verbal notice to produce a paper on the trial of a cause, where notice is required to be served before trial.    The notice should be in writing, that the party may know with certainty and precision what paper is wanted; and he shall not be compelled to rely on his memory alone for its identity.    Cummings v. McKinney, 4 Scam. 57.

Such notice must be served in time to enable the party, under the known circumstances of the case, to comply with the call.    Greenleaf on Ev., Sec. 562.

Where it appears to the court that the party has the desired paper, notice given on the trial would be sufficient; but when this does not appear, the notice should be served a reasonable time before the trial at which it is wanted. Cummings v. McKinney, 4 Scam. 57.

A reasonable time must elapse between the service of the notice and the trial, to allow the party to procure the writing.    Wade on Law of Notice, Sec. 1286; Justice Breese in Warner v. Campbell, 26 Ill. 286, says:

"We think this (a letter-press copy) was the best possible kind of secondary evidence, for it was the original duplicated by the same impression which made the original."

An extract of a lost letter can not be given in evidence without calling for the writer of the letter to produce his letter book. Dennis v. Barber, 6 Serg. & R. (Pa.) 420.

We think the rule a good one, as established in England and in this country, that railroad companies have a right to restrict their liability as common carriers by such contracts as may be agreed upon specially, they still remaining liable for gross negligence or willful misfeasance, against which good morals and public policy forbid that they should be permitted to stipulate. Illinois C. R. R. v. Morrison, 19 Ill. 136.

This rule has been recognized in the following, among other cases: Western T. Co. v. Newhall, 24 Ill. 466; Illinois C. R. R. Co. v. Read, 37 Ill. 484; Illinois C. R. R. v. Adams, 42 Ill. 477; Illinois C. R. R. v. Smyser & Co., 38 Ill. 354.

The doctrine is settled, in this court, that railroad companies may, by contract, exempt themselves from liability on account of the negligence of their servants, other than that which is gross or willful. Arnold v. Illinois C. R. R., 83 Ill. 273.

BRADBURY & MACHATTON, attorneys for appellees.

A common carrier is regarded in the light of an insurer, and is answerable for every loss which can not be attributed to the act of God or a public enemy. Chicago & N. W. R. R. Co. v. Sawyer, 69 Ill. 285.

No principle of law is better recognized or more firmly established than that a common carrier is bound in the transportation of goods to deliver within a reasonable time, and a failure to do so renders him liable for all proximate damages which may issue. Illinois C. R. R. Co. v. McClellan, 54 Ill. 66.

A carrier can not escape liability for loss caused by delay in transporting goods by showing the delay to have been caused by the ordinary accidents of railroad traffic. Chicago & A. R. R. Co. v. Thrapp, 5 Ill. App. 502.

That a common carrier can not, by special contract, limit or

waive its liability for loss or damage occasioned by its gross negligence is a rule of law so well settled we need scarcely cite an authority. We will, however, respectfully refer the court to the following upon this point: 1 Addison on Torts, 716–731; Wharton on Negligence, Sec. 539; Erie Railway Co. v. Wilcox, 84 Ill. 239; Toledo, W. & W. Ry. Co. v. Hamilton et al., 76 Ill. 393.

The object of giving notice is that the party having custody of the original may bring it with him and thereby furnish the best evidence of what it contains. Ferguson v. Miles, 3 Gilm. 364.

The object of serving a notice on a party to produce a written instrument in his hands is to lay a foundation for the introduction of secondary evidence of the contents of the document or writing by showing that the party has done all that is in his power to produce the original. Greenleaf on Evidence, Sec. 560.

If the paper wanted be one which the party must have known would be indispensable to his adversary, and that he could not sustain his action or make good his defense without it, it is unnecessary to give any further notice; but the party must take notice himself that the paper will be wanted on the trial and bring it with him accordingly. Cummings v. McKinney, 4 Scam. 57.

Where papers are proper matters of defense, or where the adverse party must have understood that they must necessarily have come in question at the trial, notice to produce them will be dispensed with. 16 Am. and Eng. Ency. of Law, 847, citing Cummings v. McKinney, 4 Scam. 57.

The general rule which requires that a party should have notice to produce a written instrument in his possession before its contents can be proved by secondary evidence does not apply where, from the nature of the suit, he must have known that he is charged with the possession of the instrument, or it is beyond jurisdiction of the court. 16 Am. and Eng. Ency. of Law, 849; Continental Life Ins. Co. v. Rogers, 19 Ill. App. 580; 7 Am. and Eng. Ency. of Law, 89.

The notice to the counsel of appellant to produce a letter was in time, for it was a paper the appellant knew the

appellees would want on the trial, and the law will presume it was in the possession of appellant's counsel for such purpose, where it should have been.  Warner et al. v. Campbell, 26 Ill. 282.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was a suit commenced by appellees against appellant before a justice of the peace to recover damages for injury to three car loads of cattle, alleged to have been caused by unreasonable delay in transporting said cattle by appellant over its road from Hutsonville, Illinois, to Indianapolis, Indiana.  Upon appeal from the judgment of the justice to the Circuit Court of Crawford County, trial was had by jury, resulting in a verdict and judgment in favor of appellees for $100.

Appellant duly appeals the case to this court, and urges as grounds for reversal the admission of improper testimony on behalf of appellees, the giving of certain instructions at the instance of appellees, and the making of improper statements to the jury by appellees' attorney during the closing argument.

On the 20th day of February, 1896, appellees shipped three cars of cattle over appellant's road from Hutsonville, Illinois, to Indianapolis, Indiana.  The shipment was made under written contracts signed by the parties.  One provision of the contract is:

" In the event of any unusual delay or detention of said live stock, caused by the negligence of the said carrier, or its employes or its connecting carriers, or their employes, or otherwise, the said shipper agrees to accept as full compensation for all loss or damage sustained thereby the amount actually expended by said shipper in the purchase of food and water for the said stock while so detained. That no claim for damages which may accrue to the said shipper under this contract shall be allowed or paid by the said carrier, or sued for in any court by the said shipper, unless claim for such loss or damage shall be made in writing, verified by the affidavit of the said shipper or his agent,

and delivered to the freight claim agent of the said carrier at his office in the city of Cincinnati, Ohio, within five days from the time said stock is removed from said car or cars, and that if any loss or damage occurs upon the line of a connecting carrier, then such carrier shall not be liable unless a claim shall be made in like manner, and delivered in like manner, to some proper officer or agent of the carrier on whose line the loss or injury occurs."

The cattle were en route some eight or ten hours longer than they would have been had they reached their destination on schedule time, and appellees claim that there was unreasonable delay and that the stock was injured thereby.

If the contracts in evidence were voluntarily and understandingly signed by appellees then the clause therein providing that "No claim for damages which may accrue to the said shipper under this contract shall be allowed or paid by the said carrier, or sued for in any court by the said shipper, unless claim for such loss or damage shall be made in writing, verified by the affidavit of the said shipper or his agent, and delivered to the freight claim agent of the said carrier at his office in the city of Cincinnati, Ohio, within five days from the time said stock is removed from said car or cars," is valid and binding. Black v. Wabash, St. L. & P. Ry. Co., 111 Ill. 351.

These contracts were *prima facie* valid and binding, and unless the jury should find the facts concerning their execution such as to relieve appellees from them, then proof of presentation of claim in the manner and within the time provided in the contracts or proof of such facts as would evidence waiver of such requirement, was a condition precedent to the right of appellees to bring or maintain their suit. On the trial no attempt was made by appellees to prove compliance with this provision of the contract, but it was sought to establish waiver by a correspondence claimed to have passed with E. M. Neal, superintendent of the St. Louis division, at Mattoon. This correspondence was not produced, but a witness testified that on the 21st day of February, 1896, he wrote a letter and directed it to E. M.

Neal at Mattoon, and was asked to give its contents. Appellant objected on the ground that the writing was the best evidence. One of appellees' attorneys then said: "I now notify counsel for defendant * * * to produce that letter at once." Appellant's attorneys answered under oath, in substance, that they did not have such letter or paper present; that they had never heard of it before; that if notice had been served on them in time they could have written or wired to the officers of the company, and if such letter exists and it was possible to do so would have produced it, but that they could not produce it at once, and renewed their objection. The court overruled the objection and permitted the witness to testify to his recollection of the contents of the letter. This was error. Notice should have been served a sufficient length of time before the trial to enable appellant to produce the letter or to make due search for it, or after notice was served the court then might have given such time.

Counsel for appellees contend that it was the duty of appellant to have anticipated their need of this letter and brought it to the trial with them. The suit was not founded on the letter to Neal at Mattoon, nor was this letter that claim for loss which the contract required to be delivered to the freight claim agent at Cincinnati. The letter was no part of the contract, nor of the performance of any duty imposed by the contract, and does not fall under the rule, "Where the paper wanted is one which the party must know would be indispensable to his adversary, notice may be dispensed with."

A witness was permitted, over appellant's objection, to testify, from memory, to the contents of certain letters claimed to have been received from appellant. The testimony sufficiently shows the loss of the letters. The letters were primary evidence, and when their loss was satisfactorily established it was proper to admit secondary evidence. Appellant contends that letter-press copies of the letters would be the best secondary evidence; that the presumption is that appellant kept such copies, and that it was error to

admit the witness to give in evidence his recollection of the contents, without having first given appellant reasonable notice to produce such copies.

The older text books state the general rule to be that there are no degrees in secondary evidence at all such as to require a party authorized to resort to secondary evidence to present one class of such evidence rather than another; that the different degrees of secondary evidence affect the weight of such evidence, but not the order of its admissibility. In Phillips, V. 2, *568, tenth English edition, it is said : " In secondary evidence there are no degrees, no precedence in point of admissibility." *570 : " If a party is entitled to give any secondary evidence at all, he is entitled to give any in his power. If it were not so, secondary evidence must be classified, and where would the classification end? It would be necessary to distinguish between secondary, tertiary, quartermary," etc. Starkie, *544, eighth American edition, says : " With reference to the. question of admissibility there are no degrees of secondary evidence, but where it is admissible at all, even parol evidence may be received, notwithstanding an attested copy or other better secondary evidence is in existence." To the same effect are 2 Best on Evidence, Sec. 483 (1st Am. Ed.), Taylor on Evidence, Sec. 495, and others, including the earlier editions of Greenleaf.

The United States Supreme Court and the courts of many of the States, including Illinois, have not followed the text book rule. In Cornett v. Williams, 20 Wallace, 226, it is said : " The principle established by this court as to secondary evidence * * * is, that it must be the best the party has it in his power to produce." In Renner v. The President, Directors and Company of the Bank of Columbia, 9 Wheaton, 597, it is said : " Proof of the contents of a lost paper ought to be the best the party has in his power to produce. * * * But to have required a * * * copy would have been demanding that of the existence of which there was no evidence, and which the law will not presume in the power of the party." The question has been under consideration by our own Supreme Court in Mariner v. Saunders, 10 Ill. 113,

and The Illinois Land and Loan Co. v. Bonner, 75 Ill. 315, in which the rule is held that superior degrees of secondary evidence take precedence in order of admissibility.

The practice in those jurisdictions that have not followed the text book rule is variant, but as more generally applied may be stated as follows: Where satisfactory proof is made of loss or inability to produce an instrument which the law does not make provision for recording and copying, and the evidence fails to disclose the existence of any copy or other evidence better than parol known to the offering party and within his power to produce, and there is nothing appearing to indicate a copy, or fraud or deception, then the presumption arises that there is no copy or other evidence better than parol within the power of the party to produce, and a *prima facie* case is made for the admission of parol testimony of the contents of the instrument, and such testimony will be admitted, unless the objecting party will produce the better evidence or show that it does exist and was known to and might have been produced by the offering party.

In this case there is nothing to indicate a copy, or fraud or deception; appellant did not produce copies or other better evidence; there was no proof that appellees knew of any copies, nor any proof that such copies did in fact exist. It was not error to admit the witness to testify to the contents of these lost letters.

Appellant contends that there is error in the first, fourth, fifth, seventh and eighth instructions given on behalf of appellees.

The law in this State now is that a common carrier can not, by contract, limit its liability for injuries resulting from its own "actual negligence." Erie Ry. Co. v. Wilcox, 84 Ill. 239; Boscowitz et al. v. Adams Express Co., 93 Ill. 523.

A failure to exercise ordinary care is actual negligence.

Tested by the law as we understand it there is no substantial error in the first instruction.

The testimony tends to show that the contract in evidence was knowingly and understandingly signed by appellees,

and in such case appellant's duty, as to the cattle, would be fully discharged by the exercise of ordinary care and diligence in their transportation.  To tell the jury, as was done in the fourth instruction, that it was the duty of appellant to take such care of the cattle as ordinarily prudent men would take of their own cattle, does not intelligently define appellant's duty concerning the transportation of the three car loads of cattle, "without unreasonable delay," which is the breach of duty complained of, and was misleading.  The fifth assumes that the mere fact that the train was overloaded was such negligence, in law, as would warrant recovery.  Under the evidence in this case, it was a question of fact for the jury to determine, not only whether or not the train was overloaded, but if overloaded, also to determine whether or not, under all the conditions, surroundings and facts shown by the evidence such overloading was in fact negligence.  The fourth, fifth, seventh and eighth all ignore the requirement of the contract that a verified claim for damages should be delivered to the freight agent at Cincinnati within five days.  The eighth claim also assumes both negligence and damage.

One of appellees' attorneys, during the closing argument said to the jury :

" If this jury find a verdict for the defendant in this case you farmers in this county will have to pay for it.  Shippers won't pay anything for your cattle, for shippers must take into consideration the damage that may be done.  The farmers must pay that damage.  Shippers will not buy stock and lose fifty dollars on a car."

To which appellant's attorney objected, and the court overruled the objection.  This was error.  The court should have sustained the objection, and properly cautioned the jury against being influenced by such speech or such motives as are therein expressed.

The judgment of the Circuit Court is reversed and the case remanded.