## Geo. J. Stadler Brewing Co. et al. v. Charles E. Weadley.

1.  CHATTEL MORTGAGES—*Statements Required When Sales Are Made Under.*—Upon making a sale under a chattel mortgage the mortgagee making such sale is requ'red to make out and deliver to the mortgagor a statement showing the items of property sold. the names of each purchaser and the amount for which each article sold, and also an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling such property.

2.  EVIDENCE—*Of Lost Documents—Estoppel.*—Where a statement is conceded by the party in whose hands it was last heard from to have been lost or destroyed, notice to him to produce it is unnecessary, as he is estopped by his concession from setting up such a possession of the paper as would make a notice of it of any use.

3.  SAME—*Where a Notice is Unavailing.*—In an action to recover a penalty for a failure to make out and deliver to the mortgagor a notice

of a sale under a chattel mortgage, where the plaintiff testified that he never received any notice or statement from anybody representing the defendant after the sale, and his testimony tended to show that no such statement as the statute requires had been served upon him, it is error to refuse to permit the defendant to introduce evidence showing that he made out a notice and handed it to the plaintiff after the sale, on the ground that the original notice itself is the best evidence of what it contained.

**Debt**, for a statutory penalty.    Appeal from the Circuit Court of Cook County; the Hon. Charles G. Neely, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1900.    Reversed and remanded.    Opinion filed December 24, 1901.

Beach & Beach, attorneys for appellants.

Joseph A. McInerney, attorney for appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This suit was originally brought before a justice of the peace to recover of appellant under section 26, Chap. 95, R. S., relating to the sale of property under chattel mortgages. The section provides that " Upon the making of said sale the mortgagee shall make out a statement showing the items of personal property sold, the names of each purchaser and the amount for which each article sold, and also an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling said property, and shall deliver the same to the mortgagors, or some one of them, in person or by mail, and if he fails so to do within ten days after said sale, the owner of said property may sue for and recover one-third of the value of the property so sold from the mortgagee or person making said sale as assignee of said mortgagee."

Appellant having foreclosed two chattel mortgages given to it by appellee, caused the personal property therein described to be sold, and appellee sued to recover a third of the value of the property thus sold, claiming that appellant had failed to make out and deliver the statement required by the statute as above quoted.    Judgment was recovered before the justice, and upon appeal to the Circuit Court,

where the cause was submitted without a jury, judgment was rendered in favor of appellee for $100.

The only question requiring consideration is whether the trial court ruled correctly in refusing to admit certain testimony offered for the defense. Appellee had testified that he never received any statement from anybody representing appellant after the sale, and his testimony tended to show that no such statement as the statute required had ever been delivered to him in person or sent by mail. For the defense a witness was introduced who testified that he made out a notice and handed it to appellee after the sale, and that it was "a notice of what took place." An objection to this answer was sustained by the trial court on the ground that the notice itself is the best evidence of what it contained, and to all questions seeking to have the witness state what was contained in the written notice which he claimed to have handed to appellee, objections were sustained upon the same ground. We agree with appellant's attorneys that this ruling was erroneous. Appellee had testified that he had never received any statement from appellant. To serve notice on him, therefore, to produce a paper he had sworn he had never received would be unnecessary and useless, unless upon an assumption that his testimony was untrue. It appearing that appellee denied the receipt of any such notice, it was incumbent upon appellant not only to prove its delivery but also to show the nature and contents of the paper. Appellant testified in effect that he did not have the statement, but had delivered it to appellee; and appellee swore that he never had it. Upon this testimony it should have been treated as a lost document, and secondary evidence of its contents was admissible without notice to appellee to produce the original. In Wharton on Evidence, Vol. 1, Sec. 161, it is said:

"If a document is conceded by the party in whose hands it was last heard from to have been lost or destroyed, then notice to him to produce is unnecessary. He is estopped by his admission from setting up such possession of the paper as would make a notice to produce of use."

Such is the effect of the testimony in the case at bar.

Neally v Greenough, 23 N. H. 323–329; McCreary v. Heed, 5 Blackf. 316.

It was evident from the nature of the case that appellant, in order to defend, must prove the delivery to appellee of such a statement as the statute requires, and thus charge the latter with possession of the writing. In such case no notice to the appellee to produce the statement is required. The nature of the suit and the requirements for defense are all the notice demanded. 1 Greenleaf on Evidence, Sec. 561; Cummings v. McKinney, 4 Scam. 57–60; Chicago, C., C. & St. L. Ry. Co. v. Newlin, 74 Ill. App. 638–647; Con. Life Ins. Co. v. Rogers, 119 Ill. 474–489; Lawson v. Bachman, 81 N. Y. 616; State v. Mayberry, 48 Me. 218–239; Dewitt v. Prescott, 31 Mich. 398–301.

For the reasons indicated we regard the refusal to allow the witness to testify to the contents of the instrument as erroneous, and are of opinion that no notice to appellee's attorney to produce the original was necessary. The judgment of the Circuit Court must be reversed and the cause remanded.