**J. L. Sugden Advertising Company, Defendant in Error, v. National Trading Company, Plaintiff in Error.**

### Gen. No. 29,096.

**1.** MUNICIPAL COURTS—*cure of defective statement of claim by verdict and judgment.* A judgment against the indorser of trade acceptances drawn by plaintiff and accepted by the drawee will be sustained though the statement of claim may have been defective in failing to allege that upon maturity the acceptances were presented to the drawee and payment refused and notice of default given to defendant, where such judgment was rendered after a trial and a hearing of the evidence.

**2.** NEGOTIABLE INSTRUMENTS—*sufficiency of allegations excusing presentation of trade acceptance.* Under the provisions of section 82 of the Negotiable Instruments Law, Cahill's Ill. St. ch. 98, ¶ 104, dispensing with presentment when it cannot be made after reasonable diligence, allegations in the affidavit of merits of a defendant sued upon trade acceptances that the affairs of the acceptor are in the hands of a receiver and its creditors have been enjoined from taking action to enforce their debts, were sufficient to dispense with presentation of the acceptances and obviated the omission of allegations of presentation from plaintiff's statement of claim.

Error by defendant to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the third division of

this court for the first district at the March term, 1924. Affirmed. Opinion filed February 11, 1925. Rehearing denied March 2, 1925. *Certiorari* denied by Supreme Court (making opinion final).

SILBER, ISAACS, SILBER & WOLEY, for plaintiff in error; CLARENCE J. SILBER, of counsel.

M. L. CARMODY, for defendant in error.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this writ of error the defendant, National Trading Company, seeks to reverse a judgment for $2,014.07, recovered against it by the plaintiff, J. L. Sugden Advertising Company, in the municipal court of Chicago. The only contention made by the defendant in support of the writ of error is that the plaintiff's statement of claim is insufficient to support the judgment.

This was an action of the first class in the municipal court. The issues were presented to the trial court without a jury and the court, after hearing the evidence, found the issues for the plaintiff and entered judgment against the defendant. The common-law record only is before us in this court.

The plaintiff contends in support of the judgment that even if it be considered that its statement of claim was defective, as contended by the defendant, such defect is cured by verdict or by the finding made by the trial court on the issues, after having heard the evidence presented. The plaintiff's action is founded upon two trade acceptances, drawn by the plaintiff on The North American Import Company, and accepted by that company, both of which were indorsed by the defendant before delivery. It is the contention of the defendant that the plaintiff's statement of claim is defective and failed to state a cause of action, in that it did not allege that upon maturity,

the trade acceptances were presented to The North American Import Company and that payment of them was refused by that company, and that notice of such default was given the defendant.

Where a statement of claim is defective, in failing to make some allegation which is a necessary element to the cause of action sought to be set forth, and the record shows that a judgment by default was rendered upon such a statement, the judgment may be reversed, for such a statement cannot of itself sustain the judgment. *Lyons v. Kanter*, 285 Ill. 336, and cases there cited. In the case at bar, however, judgment was not entered by default, but after a trial and a hearing of the evidence. In *Sher v. Robinson*, 220 Ill. App. 365, which was a tort action of the fourth class, in the municipal court, for personal injuries caused by negligence, where the plaintiff failed to allege due care in her statement of claim, and no question was raised as to such omission on the pleadings, but was raised on the trial, evidence thereon being introduced by both parties, which evidence was conflicting, this court affirmed the judgment recovered by the plaintiff, notwithstanding such omission in her statement of claim. In affirming the judgment in that case our Supreme Court said, 298 Ill. 181: "We think the statement of claim in this case contained the essentials that are required by section 40, as that act was construed in the case just cited. (*Enberg v. City of Chicago*, 271 Ill. 404.) Furthermore, under the strict rules of common-law pleading after a verdict, we think this judgment should be sustained. It has been often stated, with reference to a common-law declaration, that if the declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of express averment is cured by the verdict. (*Sargent Co. v. Baublis*, 215 Ill. 428;

*Humason v. Michigan Cent. R. Co.*, 259 Ill. 462, and cases cited.)''

Chitty in his work on Common-Law Pleading, vol. 1, star page 673, says that one of the means by which defects in pleading may in some cases be aided is by ''intendment after verdict.'' This author then points out that the general principle on which this doctrine depends, ''appears to be that where there is any defect, imperfection or omission, in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer; yet, if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission, is cured by the verdict.'' The author then observes that this doctrine does not apply to the case of a judgment by default, but is confined to those cases only in which a verdict or finding on the issues has been given in favor of the party for whom the intendment is required to be made; and then proceeds to note some of the cases which have arisen upon the subject, so as to indicate under what circumstances the court will or will not make an intendment in support of the verdict. On page 681 the author says that the main rule on the subject of intendment is that a verdict will aid a defective statement of a cause of action but will never assist a statement of a defective cause of action. Touching the question of an omission in a statement of claim or declaration, it would therefore seem that the defect of omission will be cured by verdict, where the omission in the pleading results in a defective statement of the cause of action, but it will not be aided by a verdict where the result of the omission is that the pleading fails to state any cause of action. On the page last referred to, Chitty adds some illustrations

"in explanation of the rule that if the plaintiff *totally omit* to state his title or cause of action, it need not be proved at the trial, and therefore there is no room for presumption" (that it was so proved) "to maintain the verdict." The author then gives an illustration which is precisely the case at bar, saying: "If, therefore, in an action upon a bill of exchange, the plaintiff omit to aver presentment to, and a refusal by the drawee; or that the defendant had notice of non-payment; when such averments are necessary, the declaration will be bad even after verdict." We are therefore of the opinion that this contention of the plaintiff, above referred to, in support of the judgment, is not well taken.

However, for another reason, we are of the opinion the judgment must be affirmed. The defendant has made such allegations of fact in its affidavit of merits as have the effect of obviating the omission made by the plaintiff in its statement of claim. In its affidavit of merits the defendant represented "that the affairs of the North American Import Company" (the acceptor of the trade acceptance) "are in the hands of a receiver appointed by the circuit court of Cook County, and that the chancellor hearing the said matter has enjoined and restrained all of the creditors of the said North American Import Company from taking any action whatsoever to enforce their debts."

Section 82 of the Negotiable Instruments Law, Cahill's St. ch. 98, ¶ 104, provides that: "Presentment for payment is dispensed with when, after the exercise of reasonable diligence, presentment as required by this Act cannot be made." In our opinion, the facts pleaded by the defendant are such as to dispense with the necessity for presentment of these trade acceptances, in view of the provisions of the Negotiable Instruments Law referred to. In fact the defendant pleaded such facts as to show that the plaintiff had been prohibited from "taking any action

whatsoever to enforce'' its debt. This prevented a presentment. It is true that it is not alleged when the acceptor of these trade acceptances went into the hands of a receiver nor when the chancellor in the circuit court, having jurisdiction of the receivership, entered the restraining order referred to in the defendant's affidavit of merits, nor is it alleged that the situation described in that affidavit was in existence at the dates of maturity of the trade acceptances sued upon. But the allegations of this affidavit of merits should be construed most strongly against the defendant, who made it. We are therefore of the opinion that even though the plaintiff omitted to allege in its statement of claim that the presentment of the trade acceptances was made to the acceptor and refused by it and that the notice of such refusal or dishonor was given the defendant indorser, nevertheless, it appearing that demand for payment after maturity was made upon the defendant indorser, and the latter having filed its affidavit of merits, alleging such facts as we believe should be held to dispense with presentment, under the terms of the section referred to, the judgment of the municipal court should be affirmed. *Lyons v. Kanter*, 285 Ill. 336.

*Judgment affirmed.*

O'CONNOR, P. J., and TAYLOR, J., concur.