First National Bank and Trust Company of Kalamazoo, Michigan, Appellee, v. B. Kirshbaum et al., Defendants. B. Kirshbaum, Appellant.

Gen. No. 35,126.

538

Opinion filed November 24, 1931.

SLOTTOW & LEVITON, for appellant; DAVID PALEY, of counsel.

TOWNLEY, WILD, CAMPBELL & CLARK, for appellee; J. ARTHUR MILLER and FRED A. BOWES, of counsel.

MR. JUSTICE SCANLAN 'delivered the opinion of the court.

First National Bank and Trust Company of Kalamazoo, Michigan, plaintiff, sued B. Kirshbaum and Master Modes Shop, a corporation, defendants, in the municipal court of Chicago in a first class action. There was a trial before the court, with a jury, and at the conclusion of all the evidence, upon motion of the plaintiff, the court directed the jury to find the issues for the plaintiff and to assess its damages at the sum of $8,376. Judgment was entered upon the verdict rendered by the jury in accordance with the court's directions, and the defendant Kirshbaum has appealed.

The statement of claim alleges that the plaintiff is the lawful holder and owner of a note dated January 28, 1930, payable 30 days after date at the office of the plaintiff, which note is in the sum of $8,000 and bears interest at the rate of six per cent per annum from February 27, 1930; that the note is signed by Master Modes Shop, a corporation, and indorsed in blank by the appellant; that it was delivered to the plaintiff for value and before maturity; that on February 27, 1930, the note was presented to the maker, Master Modes Shop, a corporation, for payment, and not being then and there paid, it was protested for nonpayment, and that neither the principal nor the interest on the note has been paid and the same are overdue. The appellant entered his appearance and demanded a trial by jury, and thereafter he filed his affidavit of merits, which states that he "admits that he endorsed his signature in blank on a note, as set forth in plaintiff's statement of claim, a copy of which is attached thereto; . . . that he does not know whether on February 27, 1930, the said note was presented to the maker for payment, at the place of payment provided in said note, and does not know that said note was protested for nonpayment, as alleged in plaintiff's Statement of Claim, but states that the signature of this defendant to said note was placed thereon without any considera-

tion to this defendant; that this defendant has received no notice of dishonor, as required by Sec. 6130 of the Compiled Laws of Michigan, 1915, relating to the law of negotiable instruments, which is in words, as follows: 'Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or endorser to whom such notice is not given, is discharged.' Sec. 6145 of the Compiled Laws of Michigan, 1915, relating to the law of negotiable instruments, is in words, as follows: 'Where the person giving and the person to receive notice reside in different places, the notice must be given within the following times: 1st. If sent by mail, it must be deposited in the Post Office in time to go by mail the day following the day of dishonor, or if there be no mail at a convenient hour on that day, by the next mail thereafter. 2nd. If given otherwise than through the Post Office, then within the time that notice would have been received in due course of mail, if it had been deposited in the Post Office within the time specified in the last subdivision.' Defendant further states that because no notice of dishonor has been given this defendant, he has been discharged from all liability on the note herein sued upon, in accordance with Secs. 6130 and 6145 of the Compiled Laws of Michigan, 1915, hereinabove set forth.'' Thereafter, on motion of the plaintiff, the suit was dismissed as to the defendant Master Modes Shop, a corporation.

The following are the only contentions raised by the appellant in his brief: ''I. In a suit against an indorser on a negotiable instrument, the giving of notice of dishonor must be alleged or no cause of action is stated. II. Parol evidence of the contents and mailing of a writing cannot be offered unless the party mailing said writing shall notify the addressee to pro-

duce the original thereof. III. The plaintiff's best accessible evidence must be produced whether of primary or secondary character and proof of the contents of a document should not be permitted by parol unless all better means of proof have been satisfactorily explained to be unaccessible. IV. A pleading which does not set forth a cause of action cannot be amended after all the evidence is in and verdict is rendered." In support of contention I the appellant argues that "it is clear from the statement of claim filed in this cause that the plaintiff has not alleged a cause of action because plaintiff omitted to allege notice of dishonor to the endorser against whom judgment was sought." The statement of claim alleges that the note was protested. The affidavit of merits states that the appellant had received no notice of dishonor. The appellant made no motion to strike the statement of claim, nor did he in any way raise any question as to its sufficiency. He raised the question as to the service of notice of dishonor, by his affidavit of merits, and the case went to trial upon that issue. The evidence shows the note was protested upon the date that it was due and that a notice of dishonor was duly mailed, in accordance with the statute. Plaintiff's exhibit 2 shows notice of dishonor was sent to the appellant. The assistant cashier of the bank testified that he, *as a notary public,* on the date the note became due, protested it and that he personally mailed a notice of dishonor on the same day to the maker and to the indorser, appellant. That part of the affidavit of merits which refers to the notice of dishonor is as follows: "That said Kirschbaum received no notice of dishonor, as required by Section 6130 of the Compiled Laws of Michigan of 1915." The appellant, upon the trial, did not deny that he received the notice of dishonor sent by the notary. The statute in reference to notice of dishonor provides: "Where a notice of dishonor

is duly addressed and deposited in the postoffice, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails.'' The issue of notice having been determined adversely to the appellant, the judgment would not be reversed merely because the strict rules of common law pleading were not observed. (See *Lyons v. Kanter*, 285 Ill. 336; *Sugden Advertising Co. v. National Trading Co.*, 236 Ill. App. 269.) However, after the directed verdict, *but before judgment*, the plaintiff, by leave of court, filed an amended statement of claim which set forth, *inter alia*, ''that notice of dishonor was prepared and placed in an envelope addressed to B. Kirschbaum, the endorser; that said notice of dishonor was, on February 27, 1930, deposited in the United States post office, Kalamazoo, Michigan; that said note and interest thereon has not been paid, and is overdue.'' The appellant does not question the sufficiency of the amended statement of claim but insists that the court allowed the amendment ''after verdict and judgment in the lower court,'' and that the action of the trial court in that regard constitutes reversible error. As the record shows that the amended statement of claim was filed, by leave of court, on December 19, 1930, and judgment was not entered until December 23, 1930, we cannot understand why the appellant should make the statement that the amendment was filed after judgment. The statute of Amendments and Jeofails, Cahill's St. ch. 7, ¶ 1, provides ''that the court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice on such terms as shall be just, at any time before judgment rendered therein.'' The trial court, of course, did not err in permitting the amended statement of claim to be filed.

Under point II the appellant contends, as we understand the argument, that the plaintiff did not serve the

appellant with notice to produce the original notice of dishonor mailed to him and that therefore the secondary evidence offered by the plaintiff in the matter of the alleged notice should not have been admitted. This contention is without the slightest merit. In his affidavit of merits the appellant swears that he received no notice of dishonor. Under such a state of the record a notice to produce was not essential before offering secondary evidence. (See *First Nat. Bank of Hayward v. Gerry,* 195 Ill. App. 513, 521; *Taylor v. McIrvin,* 94 Ill. 488; *Stadler Brewing Co. v. Weadley,* 99 Ill. App. 161.) Moreover, the plaintiff made out a prima facie case without the testimony of the assistant cashier. The notary's certificate is in evidence as plaintiff's exhibit 2 and it recites that the notice of dishonor was given. This constitutes prima facie evidence that the notice of dishonor was given. (See *Montelius v. Charles,* 76 Ill. 303. See also ch. 99, ¶ 12, sec. 13, Cahill's Ill. Rev. St. 1931, wherein it is provided that a certificate of a notary public as to notices shall be competent evidence to prove the facts therein stated.)

As to point III the appellant argues, as we understand it, that the plaintiff should have introduced a copy of the notice of dishonor, instead of putting on the stand the witness who presented and protested the note, signed the certificate of protest, and personally mailed the notice of dishonor. There is nothing in the evidence to show that the plaintiff retained a copy of the notice of dishonor. The appellant's argument is based upon the assumption that the plaintiff, in the ordinary course of business, must have retained a copy of the notice. On the other hand, the plaintiff argues that it is not the custom of banks or others who frequently protest negotiable instruments to keep a copy of the notice of dishonor. If the appellant believed a copy was in existence he had the right to demand the production of the same. This he did not do. In fact,

he did not inquire as to whether or not a copy had been retained or made. The plaintiff introduced the certificate of protest, which recites the contents of the notice. The present contention is apparently an afterthought and is without merit.

What we have said in connection with appellant's contention I disposes of his contention IV.

After the briefs had been filed in this cause the appellant filed a motion for leave to file additional authorities in support of the points made in his brief. The motion was allowed. In the motion filed the appellant attempts to argue a point not made in his brief, and the plaintiff strenuously contends that under the rules and practice this new point should not be considered by this court. While there is merit in this contention of the plaintiff, nevertheless, we are satisfied that there is no merit in the new point urged by the defendant. The appellant now contends that he testified that he did not receive the notice of dishonor and that such proof had an evidentiary bearing upon the question as to whether or not the notice was actually mailed to him, and that therefore the action of the court in directing a verdict in favor of the plaintiff was error which calls for a reversal of the judgment. The testimony of the appellant upon which he relies in support of his instant contention is as follows: "Q. Now, Mr. Kirschbaum, I will ask you whether or not you ever received a notice from the First National Bank and Trust Company of Kalamazoo, Michigan, in which was set forth that Plaintiff's Exhibit 2 or Plaintiff's Exhibit 1 was presented for payment and payment refused? Mr. Miller (attorney for plaintiff): I object. The Court: I will let him answer. The Witness: No, sir." The plaintiff did not claim that it sent a notice to the defendant. It presented the testimony of its assistant cashier that he, as a notary public, protested the note and personally mailed a notice of

dishonor to the appellant. It also introduced in evidence the original certificate of protest, which was signed ''James H. Tolhuizen, Notary Public, Kalamazoo.'' The appellant did not testify that he did not receive the notice sent by the notary. He merely testified that he did not receive a notice from the bank. The question put to the appellant by his counsel was an artful one, but it did not tend to rebut the evidence offered by the plaintiff. There is therefore no merit in the instant contention. As the plaintiff argues, it is plainly an afterthought.

On January 27, 1930, the appellant wrote the plaintiff the following letter:

''I regret very much that I am unable at the present time to reduce this loan, and would appreciate if you would upon receipt of this letter, send me a renewal note and I shall return same promptly together with a check for the interest.

''Conditions are now readjusting themselves and I feel highly hopeful that it will not be long before we will be able to take this entire loan up. You, as a banker, well know what the existing conditions are and therefore I sincerely hope that you will be lenient in this matter.

''Respectfully yours,

(Signed) ''B. Kirshbaum.''

In answer to this letter the plaintiff, on January 28, 1930, wrote the appellant a letter in which was inclosed a renewal note, which is the note sued upon. The appellant had the same signed by the maker and he then indorsed it and returned it to the plaintiff on February 11, 1930. In the letter inclosing the same the appellant stated: ''Enclosed please find note and interest check as requested. Regretting the slight delay and thanking you for past courtesies, . . .'' The plaintiff's contention, strenuously urged, that the appellant was the one who requested the bank to take the note and

that the bank dealt with him throughout the transaction and therefore the appellant was not in the position of an ordinary indorser, is not without reason in its support, but we do not deem it necessary to pass upon this contention. The appellant makes no effort to defend this claim upon the merits.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

GRIDLEY, P. J., and KERNER, J., concur.