(No. 12185.—Judgment affirmed.)

JAMES F. LYONS, Appellee, *vs.* HARRY L. KANTER *et al.* Appellants.

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

1. PLEADING—*statement of claim in municipal court must state a cause of action.* A statement of claim in an action of the fourth-class in the municipal court which does not state a cause of action does not require an answer and will not, of itself, sustain a judgment, and if a judgment by default is entered on such a statement it may be reversed. (*Enberg* v. *Chicago,* 271 Ill. 404, explained.)

2. SAME—*statement of claim in suit for malicious prosecution should show there was no probable cause.* A statement of claim in an action in the municipal court for malicious prosecution should show that there was no probable cause for such prosecution, but if the defendants appear and file an affidavit of merits, resting their defense on the existence of probable cause, on which issue evidence is introduced and a trial had, the judgment for the plaintiff will not be reversed because the issue so tried was not raised in a more formal way.

3. MALICIOUS PROSECUTION—*basis of defense that prosecution was begun on advice of counsel.* The basis of the defense that the alleged malicious prosecution was initiated on the advice of counsel is a full and truthful disclosure to counsel of all the facts

within the knowledge of the prosecutor, and where the evidence on that·point is contradictory a question of fact is raised which precludes the giving of a peremptory instruction to find for defendants.

4. SAME—*finding of municipal judge holding party to bail is not conclusive of question of probable cause.* The finding of the judge of the municipal court holding an accused person to bail is not conclusive of the question of probable cause, but that question is one of fact, to be determined from the evidence in a subsequent action for malicious prosecution, and where such evidence is introduced, the judgment of the Appellate Court affirming that of the trial court is conclusive of the question.

DUNCAN, C. J., dissenting.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

BLUM, WOLFSOHN & BLUM, for appellants.

LITZINGER, HEALY & REID, (JAMES J. FINN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

James F. Lyons recovered a judgment in an action of the fourth class in the municipal court of Chicago against Harry L. Kanter and Norton E. Ruderman for a malicious prosecution. The defendants appealed to the Appellate Court, which affirmed the judgment and granted a certificate of importance and a further appeal to this court.

It is insisted that the judgment must be reversed because the plaintiff's statement of claim does not state a cause of action. The statement shows that the defendants were engaged in the mercantile business and used the name "Empire Paper Company;" that the plaintiff was in their employ as a salesman and collector; that on February 6, 1914, they caused a certain complaint to be executed and filed charging the plaintiff with having committed the crime of larceny and embezzlement and caused a warrant to be issued, un-

285 — 22

der which, on February 10, 1914, he was placed under arrest and taken into custody; that on February 18, 1914, the defendants testified that the plaintiff had embezzled their money, and thereupon he was held to the criminal court of Cook county and upon default of bail was lodged in the county jail, where he was held until February 28, 1914, when he was discharged and the proceedings against him were thereupon fully terminated; that the plaintiff was honest and his reputation for honesty was good; that he was never accused of crime before and was not guilty of the crime charged against him but the defendants willfully and maliciously instituted the proceedings against him, and he was thereby injured in his good name to the extent of $1000.

The statement does not show that there was no probable cause for the prosecution and therefore failed to state a cause of action. (*McBean* v. *Ritchie,* 18 Ill. 114; *Glenn* v. *Lawrence,* 280 id. 581.) A statement of claim in actions of the fourth class in the municipal court which does not state a cause of action does not require an answer from the defendant, and if a judgment by default is rendered upon such a statement it may be reversed, and such a statement will not, of itself, sustain a judgment. (*Gillman* v. *Chicago Railways Co.* 268 Ill. 305.) It is contended by the appellee that this decision is qualified by the case of *Enberg* v. *City of Chicago,* 271 Ill. 404. That qualification has no application to the present case. In the *Enberg case* the distinction was taken that where the statement contained all the elements necessary to the cause of action, so far as the defendant's duty and the breach of it were concerned, it sufficiently showed the nature of the tort and it was not necessary to aver a fact in no way connected with the tort, which fact in that case was the giving of notice to the defendant within a certain time after the commission of the acts complained of, even though proof of such fact was necessary to enable the plaintiff to maintain the suit. In the present case no tort was committed unless there was a

want of probable cause, and because the statement failed to aver such want of probable cause it failed to aver the commission of any tort.

In the *Gillman case* there was no statement of defense other than a denial of fault on the part of the defendant. The record contained no bill of exceptions and did not disclose the nature of the claim made by the plaintiff or of the issue tried. The judgment rested upon the statement of claim, alone, unaided by anything in the record. The present record is in a different condition. The defendants appeared and filed their affidavit of merits, basing their defense specifically upon the existence of the very element which the plaintiff had failed to deny,—probable cause,— and the case was tried upon that issue. It was not an immaterial issue, for, although it was not alleged, the plaintiff could not recover without proving it, and the record shows that evidence was introduced by each of the parties on that issue. The instructions are not abstracted, but it is to be presumed that the court instructed the jury on that issue. The issue was introduced by the defendants instead of the plaintiff, but we will not, with the whole record before us, reverse the judgment for the purpose of letting the parties raise in a more formal way an issue of which they have already had the benefit of a full trial.

One of the defendants, while testifying, said: "At that time we were a real small concern and all of us worked hard; we kept books." During his argument their attorney said: "At this time these people were very small; you can see how crudely they kept their books." The plaintiff's attorney interposed: "I object to that statement and take exception, and ask leave to offer in evidence Dun's statement showing they are worth $50,000." On motion of the defendants' attorney the court stated that the remark was improper and it was stricken out. It is insisted that this improper conduct of counsel should cause a reversal of the judgment. Of course, there can be no question of the gross

impropriety of the offer and statement in the presence of the jury during the argument or of the intention and bad motive which inspired this unprofessional conduct. The plaintiff claimed $1000. damages, which is the extent of the jurisdiction of the municipal court in fourth-class cases. The jury returned a verdict for $2200, which the court did not receive, and afterward a verdict for $1000 was returned. The counsel for the appellants regard this as evidence of passion and prejudice on the part of the jury, which they attribute to the conduct of the appellee's counsel. The amount of $2200 cannot, of itself, be regarded as excessive in a case of this character. There is nothing to indicate that the jury were advised either by the court or counsel, or that they knew, that the plaintiff's claim or the court's jurisdiction was limited to $1000. While the conduct of the appellee's counsel was inexcusable we do not regard it as having been prejudicial to appellants so far as the assessment of damages,—in respect to which, only, it was material,—is concerned.

It is argued on behalf of the appellants that they acted upon the advice of counsel after a full disclosure of the facts; that the examining magistrate found that there was probable cause, and that the evidence does not justify a finding of either malice or a want of probable cause. There were no rulings of the court upon questions of evidence or upon instructions which are complained of. The questions to be considered are therefore only such as arise upon the defendants' motion to instruct the jury to find them not guilty. So far as the advice of counsel is concerned, it appears that the defendants submitted their case to counsel before the warrant was applied for. The defense that the prosecution was initiated upon the advice of counsel is based on a full and truthful disclosure to counsel of all the facts within the knowledge of the prosecutor. (*Ross* v. *Innis,* 26 Ill. 259; *Davie* v. *Wisher,* 72 id. 262; *Glenn* v. *Lawrence, supra.*) The defendants testified to such disclosure,

but the plaintiff's testimony as to material facts, of which the defendants had knowledge, was contradictory to that of the defendants, and if his testimony was true the disclosure of the defendants to their counsel was untrue. There was therefore a question of fact which precluded the giving of the .peremptory instruction and which it is not our province to determine.

The appellants insist that the finding of the judge of the municipal court holding the appellee to bail was evidence of probable cause, which can be overcome only by evidence of fraud, false testimony or other fraudulent or unlawful means. In *Schoonover* v. *Myers,* 28 Ill. 308, the court apparently assumed that the finding of the examining magistrate was not evidence of probable cause. The plaintiff in that case, which was for a malicious prosecution, had waived examination, and it was insisted that this should be regarded as an admission of probability of guilt, but the court held that it could not be .so regarded, saying that the waiver of examination should have no more influence than would the finding of the magistrate, upon a hearing of the evidence, that there was probable cause and binding the party over for his appearance or committing him. In *McElroy* v. *Catholic Press Co.* 254 Ill. 290, it was held that a conviction in a court of record, though reversed, was evidence of probable cause, but that décision has no application to the case of a preliminary examination before a magistrate. The question of probable cause is one of fact, to be determined from the evidence without regard to the finding of the examining magistrate. Even if his finding were regarded as *prima facie* evidence, there was other evidence on both sides of the question, and the judgment of the Appellate Court affirming that of the municipal court is final on the question. The same is true of the final contention of the appellants that the verdict is contrary to the evidence.

The judgment is affirmed.          *Judgment affirmed.*

Mr. Chief Justice Duncan, dissenting.