Joseph F. **RINEHART**, Plaintiff-
Appellant,

v.

Gloria D. **LOCKE**, Administrator of the
Estate of Arnold R. Locke, Deceased,
et al., Defendants-Appellees.

No. 18808.

United States Court of Appeals,
Seventh Circuit.

Dec. 6, 1971.

Richard E. Dowdle, Dowdle, Moscato, Ramsey & Egan, Chicago, Ill., for plaintiff-appellant.

Michael Silverman, Edward V. Hanrahan, State's Atty., Chicago, Ill., for defendants-appellees; Daniel P. Coman, Chief, Civil Div., Theodore A. Shapero, Asst. State's Atty., of counsel.

Before SWYGERT, Chief Judge, and FAIRCHILD and STEVENS, Circuit Judges.

FAIRCHILD, Circuit Judge.

On June 17, 1970, plaintiff filed a complaint seeking damages and claiming that an arrest on November 24, 1964 deprived him of rights secured by the constitution. As one defense, defendants asserted that the matter was res judicata by virtue of dismissal on May 15, 1969 of a complaint based on the same arrest. The district court sustained the defense of res judicata and dismissed the action. Plaintiff appealed. Defendants also raised, in the district court and here, the defense that the period of limitations had expired.

The two complaints are identical in substance except that an averment that the arrest was made without probable cause was included in the second, but not the first.

The 1969 complaint may be summarized as follows: On November 24, 1964, three defendants, private detectives, observed plaintiff at an intersection talking to a man on a motorcycle and caused

**314**

a false report to be made to the county police that plaintiff was falsely representing himself to be a police officer. As a result of the report, four other defendants, county police officers, arrested plaintiff for impersonating a government official. They also charged him falsely with unlawful use of weapons and resisting arrest. No warrant had been issued for the arrest. Plaintiff was imprisoned at the police station and later convicted of the charges, but in 1967 the conviction was reversed on appeal for insufficient evidence.

The district court entered an order dismissing the 1969 complaint for failure to state a claim. In an oral ruling on the motion to dismiss, the court based dismissal on the failure to allege the absence of probable cause, although the court made other comments which may shed light on its subsequent refusal to permit amendment.

Plaintiff sought leave to file an amended complaint in which he included an averment that defendants had no probable cause to suspect plaintiff of committing an offense. On June 13, 1969, leave was denied. The court stated no reason. Under Rule 15(a), F.R. Civ.P., "leave shall be freely given when justice so requires." Presumably the court felt justice did not so require in view of the court's earlier suggestion that the complaint itself showed that the arrest was based upon information given by three private detectives who said they had seen the offense and that the court thought plaintiff's failure to allege lack of probable cause was not inadvertent.

Plaintiff did not appeal from either 1969 order.

*Res judicata.*

Plaintiff contends that the May, 1969 dismissal did not establish that defendants were not liable to him under § 1983 on account of the 1964 arrest, but established only that he had no cause of action unless he was able to plead and prove lack of probable cause.

The traditional general rule supports plaintiff's position. ". . . it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the case, as disclosed in the second declaration, were not heard and decided in the first action." Gould v. Evansville and C. R. R. Co., 91 U.S. 526, 23 L.Ed. 416 (1876).[1]

Comment *c*, § 50, Restatement, Judgments, supports the same proposition, illustrating as follows: "Thus, if in an action for breach of contract a demurrer to the complaint is sustained on the ground that the plaintiff failed to allege consideration, he is not precluded from bringing a new action in which the complaint contains an allegation of consideration. . . ."

Arguably Rule 41(b), F.R.C.P., may have changed this rule where the earlier judgment, as in this case, was entered in a federal court. The Rule provides in part: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

It has been held that the list in Rule 41(b) of types of dismissal which are not presumptively adjudications on the merits is not exclusive, and that the situations where dismissals not provided for in Rule 41 are to operate as adjudication on the merits are those "in which the defendant must incur the inconven-

[1] See also Thomas v. Consolidation Coal Company, 380 F.2d 69, 83 (4th Cir., 1967) and Oerliken Machine Tool Wks. Buehrle & Co. v. United States, 102 F. Supp. 417, 121 Ct.Cl. 616 (1952).

ience of preparing to meet the merits because there is no initial bar to the Court's reaching them."[2] The same decision indicates that a dismissal for failure to fulfill a "precondition" for consideration of the merits is not a decision on the merits.

With this gloss upon the Rule, the question remains a close one, but we are persuaded that under the Rule an order of a district court which dismisses a complaint for failure to state a claim, but which does not specify that the dismissal is without prejudice, is res judicata as to the then existing claim which it appears plaintiff was attempting to state. This view places upon a plaintiff in a case like the 1969 case in this instance the burden of persuading the district court either to include a specification that the dismissal is without prejudice or to permit an amendment. If plaintiff is unsuccessful, his recourse is to appeal. We think this view is consistent with the expedient purpose of the Rules.

We conclude, also, that the statute of limitations defense to the 1970 action was sound and would require dismissal.

The arrest took place November 24, 1964. If it was unreasonable under the fourth amendment and thus deprived plaintiff of constitutional rights, his § 1983 cause of action necessarily arose at that time. Plaintiff points out that his state law cause of action for malicious prosecution would not arise until 1967 when his conviction was reversed.[3] Such reversal is not an essential element of his § 1983 cause of action and accrual of that cause of action was not similarly delayed. Plaintiff concedes that the Illinois period of limitations applicable to a § 1983 cause of action is five years.[4] It

follows that the action commenced in 1970 was barred because it was not timely.

The judgment appealed from is affirmed.

---

2. Costello v. United States, 365 U.S. 265, 286, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961).

3. McElroy v. Catholic Press Co., 254 Ill. 290, 98 N.E. 527 (1912).

4. Wakat v. Harlib, 253 F.2d 59, 63 (7th Cir., 1958).