Gerald E. HESS, Plaintiff-Respondent,

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Petitioner.**

No. 86–3389.

United States District Court, S.D. Illinois.

April 3, 1987.

---

Marshall Smith, East Alton, Ill., for plaintiff-respondent.

James Cook, Belleville, Ill., for defendant-petitioner.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is a Motion to Dismiss plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff, Gerald E. Hess, seeks relief pursuant to Ill.Rev.Stat. 1985, ch. 110, ¶ 13–202, alleging that defendant caused a malicious prosecution against plaintiff.

To sustain a dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), the court must take all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff to determine whether he is entitled to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Plaintiff owns and operates a gas station in Madison County, Illinois. He previously had been an employee of Missouri Pacific. On January 6, 1984, defendant, through its agents, seized numerous items from plaintiff's gas station, alleging that the items were property of Missouri Pacific. On January 18, 1984, plaintiff was charged in state court with felony theft of these items. However, the prosecution was terminated when the state court granted the prosecution's *nolle prosequi* motion on September 9, 1985. Plaintiff then filed an action for malicious prosecution on November 18, 1985. Defendant now alleges numerous grounds on which this action should be dismissed.

Defendant argues that plaintiff has failed to provide a short and plain statement of his claim which would entitle plaintiff to relief; and that plaintiff's amended complaint alleges multiple claims including defamation, conversion, and intentional in-

fliction of emotional distress. The principal thrust of plaintiff's complaint, however, is a claim for malicious prosecution.

■ Under Fed.R.Civ.P. 8(a), plaintiff need only make a brief, plain statement sufficient to notify defendant of the theory of his claim and the grounds which support it. *Conley*, 355 U.S. at 47, 78 S.Ct. at 102. Under Illinois law, a claim for malicious prosecution is shown by stating: the termination of the original proceeding in favor of the present plaintiff; damages proximately caused by an unsuccessful proceeding; the absence of probable cause for such proceeding; and the presence of malice. *Freides v. Sani-Mode Mfg. Co.*, 33 Ill.2d 291, 295, 211 N.E.2d 286, 288 (1965), *affirmed in McCrimmon v. Kane County*, 606 F.Supp. 216, 223 (N.D.Ill.1985).

■ In his amended complaint, plaintiff alleges that defendant filed a false and malicious affidavit charging plaintiff with having feloniously stolen numerous items. Plaintiff also alleges that by reason of that affidavit he was brought before the state court where subsequently the charges were terminated in favor of plaintiff. Plaintiff further alleges that defendant was without probable cause to suspect plaintiff of any criminal conduct, and that defendant's primary purpose was to injure plaintiff. Plaintiff asserts that defendant has damaged plaintiff's good name, reputation and business. Taking all allegations as true for purposes of this motion, plaintiff has stated a claim for malicious prosecution under Illinois law.

■ Defendant further argues that a *nolle prosequi* is not an acquittal, and that plaintiff is not entitled to any issue preclusion. Although the Court has not found any Illinois decision directly on point, it seems clear that a prosecution which is terminated by *nolle prosequi* is a termination in favor of plaintiff for purposes of a malicious prosecution claim. 54 C.J.S. Malicious Prosecution § 59; *see also White v. Coleman*, 277 F.Supp. 292, 297 (D.S.C. 1967).

■ Cases where a compromise between the prosecution and the accused leads to the *nolle prosequi* must be distinguished. If a *nolle prosequi* is filed because of a compromise, then a *nolle prosequi* does not qualify as a termination in favor of plaintiff. *Baxter v. U.S. Air, Inc.*, No. 85–C–1530, slip op. (N.D.Ill.1985); *Leyenberger v. Paul*, 40 Ill.App. 516, 522–23 (1890). In the present case, there has been no evidence of a compromise. Hence, termination of plaintiff's felony charge by *nolle prosequi* must be viewed at this time as a termination in his favor.

■ Defendant also argues that it cannot be held liable for malicious prosecution, because Illinois public policy favors the reporting of crimes. However, public policy favors the reporting of crimes only if the person who is reporting acts in good faith and with probable cause. *Joiner v. Benton Community Bank*, 82 Ill.2d 40, 44 Ill.Dec. 260, 262, 411 N.E.2d 229, 231 (1980). Viewed in the light most favorable to the plaintiff, the complaint states that defendant acted in bad faith and without probable cause. Thus, public policy would not protect the defendant from liability.

■ Defendant also contends that plaintiff's cause of action should be dismissed, because the Illinois statute of limitations has run. *See* Ill.Rev.Stat.1985, ch. 110, ¶ 13–201 (one year statute of limitations for defamation suits). As earlier stated, plaintiff is seeking relief on a malicious prosecution claim, not a defamation claim. Illinois law states that malicious prosecution claims must be commenced within two years after the cause of action accrues. Ill.Rev.Stat.1985, ch. 110, ¶ 13–202. Plaintiff's claim for malicious prosecution did not accrue until the criminal proceedings ended on September 9, 1985. Since plaintiff's claim was filed on November 19, 1985, it is timely filed.

Defendant's next argument relies on the employer-employee relationship that previously existed between plaintiff and Missouri Pacific. Defendant states that in these relationships, claims such as defamation and intentional infliction of emotional distress are considered "minor disputes" under the Railway Labor Act, 45

U.S.C. § 153, et seq. *See Beers v. Southern Pacific Transportation Co.,* 703 F.2d 425 (9th Cir.1983); *Majors v. U.S. Air, Inc.,* 525 F.Supp. 853 (D.C.Mo.1981). Since the National Railroad Adjustment Board has exclusive jurisdiction over Railway Labor Act cases, defendant argues that plaintiff's complaint should be dismissed and brought before the Board.

However, whether a controversy is a "minor dispute" depends on the existence of a collective bargaining agreement and an employer-employee relationship. *Elgin, Joliet & Eastern Ry. Co. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1289, 89 L.Ed. 1886 (1945) *See also Frandsen v. Broth. of Ry., Airline & S.S. Clerks,* 782 F.2d 674, 685 (7th Cir.1986). There is no evidence to show that plaintiff's claim of malicious prosecution deals with a collective bargaining agreement provision. Furthermore, the Court is not persuaded that the requisite employer-employee relationship existed in this case. Viewed in the light most favorable to the plaintiff, the amended complaint shows that the defendant's actions which led to plaintiff's prosecution were totally outside the employer-employee relationship. Thus, plaintiff's claim does not arise under the Railway Labor Act.

Similarly, defendant's argument that plaintiff's complaint is time-barred by the Labor Management Relations Act statute of limitations, 29 U.S.C. § 160(b), must fail. Since the six-month statute of limitations applies equally to Railway Labor Act cases, defendant argues that plaintiff's "minor dispute" is time-barred. However, plaintiff's complaint on its face does not arise under the Railway Labor Act. Thus, the Labor Management Relations Act statute of limitations is inapplicable to this motion.

Defendant's final ground for dismissal rests on a settlement agreement between the parties which was signed on December 21, 1984. Defendant contends that the plaintiff agreed to relinquish all of his present and future claims against the defendant. Plaintiff states he only relinquished claims which resulted from an accident that occurred on December 13, 1983. Reading the complaint in the light most favorable to the plaintiff, the settlement agreement does not apply to the present action because plaintiff's malicious prosecution claim did not arise from that accident, and, in fact, did not arise until the criminal charges were *nolle prossed* in September, 1985, some nine months after the release was signed.

Accordingly, defendant's Motion to Dismiss plaintiff's complaint is hereby DENIED.

IT IS SO ORDERED.