HELEN SHAW-STABLER, Plaintiff-Appellant, v. JOHN TILGNER, Defendant-Appellee.

First District (4th Division)    No. 87—3008

Opinion filed August 18, 1988.

Baskin, Server, Berke & Weinstein, of Chicago (Lisa Berke Urban, of counsel), for appellant.

Kanter & Mattenson, Ltd., of Chicago (David M. Mattenson and William J. Arendt, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County dismissing plaintiff's complaint for malicious prosecution. Plaintiff contends that the trial court erred in finding that defendant had probable cause to institute criminal proceedings against plaintiff.

We reverse and remand.

BACKGROUND

Plaintiff Helen Shaw-Stäbler and defendant John Tilgner had their marriage dissolved in 1985. They entered into a joint custody agreement regarding their daughter which identified the specific time period that each parent was to have custody of her. The relevant time period in this case was September 25 through 30, 1985. That month, plaintiff had decided to take her daughter to California to visit relatives. Plaintiff alleged that she called defendant on three occasions, advised him of her vacation plans and sought his cooperation in adjusting his scheduled time with their daughter and rearranging

the schedule so that his time with the daughter was not decreased. Defendant did not agree to the change in the custody schedule proposed by plaintiff, but she left for California with the daughter on September 25, 1985, and returned to Chicago five days later. During the time that plaintiff was away, defendant filed charges of kidnapping and child abduction against her under section 10—5(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 10—5(b)(1)). Upon her return, plaintiff was arrested and detained by the police for eight hours, during which time she was searched, photographed and her fingerprints recorded. Several days later a preliminary hearing was conducted, and the judge entered a finding of no probable cause for plaintiff's arrest. Plaintiff was then released, and defendant took no further action in pursuit of this prosecution.

In August 1986, plaintiff filed a verified complaint against defendant for his malicious prosecution of plaintiff, and defendant subsequently filed a motion to dismiss plaintiff's complaint based on the premise that he had probable cause to bring the prior criminal charges against her. Following a hearing, the trial court granted defendant's motion to dismiss.

OPINION

█ Plaintiff contends that the trial court erred in dismissing her complaint against defendant for malicious prosecution and in finding that defendant had probable cause to bring criminal charges against her. The essential elements for a malicious prosecution action are commencement or continuation of an original criminal or civil judicial proceeding by defendant, the termination of the proceeding in favor of the plaintiff, the absence of probable cause for such proceeding, the presence of malice in the institution of the original action, and damages to plaintiff. *Carlsen v. Village of Oakwood Hills* (1987), 164 Ill. App. 3d 396, 517 N.E.2d 1107; *Mack v. First Security Bank* (1987), 158 Ill. App. 3d 497, 511 N.E.2d 714.

In the instant case both plaintiff and defendant had custody of their child, and under the terms of the custody agreement their time with her was equally divided. In her verified complaint plaintiff alleged that she spoke with defendant on three separate occasions about making an adjustment in the custody schedule so that she could take their daughter to California to visit relatives for six days. Plaintiff also claimed that she offered to readjust the custody schedule so that defendant's actual custody time would not be diminished. However, defendant would not agree to any changes in the custody schedule. Plaintiff then informed him that she was taking their child

to California in spite of his disapproval, and she left the State with the daughter for six days, four of which were days that defendant was to have custody of the child under the agreement. He then filed criminal charges against plaintiff pursuant to section 10—5(b)(1) of the Criminal Code, which provides:

"(b) A person commits child abduction when he or she:

(1) Intentionally violates any terms of a valid court order granting sole or joint custody to another, by concealing or detaining the child or removing the child from the jurisdiction of the court." Ill. Rev. Stat. 1985, ch. 38, par. 10—5(b)(1).

At the preliminary hearing, the trial judge concluded that a four-day violation of a custody agreement was not a criminal offense under the relevant statute and that there was no probable cause for the criminal charges brought against plaintiff. No further prosecution of plaintiff was pursued, and the charges against her were dismissed. She then filed a verified complaint against defendant for malicious prosecution which was dismissed with prejudice on defendant's motion based on the finding that defendant had probable cause for the criminal charges brought against plaintiff.

■ Probable cause is a complete defense to a cause of action for malicious prosecution. (*Ely v. National Super Markets, Inc.* (1986), 149 Ill. App. 3d 752, 500 N.E.2d 120.) It is defined as a set of facts which would lead a man of ordinary caution and prudence to believe that he has a justifiable claim to prosecute against the party charged. *Hulcher v. Archer Daniels Midland Co.* (1980), 88 Ill. App. 3d 1, 409 N.E.2d 412.

■ In his motion to dismiss plaintiff's complaint, defendant asserted that he had probable cause to bring the criminal charges against her under the child abduction statute. However, the preliminary hearing judge's application of the facts in this case to the relevant statute produced the opposite finding on the issue of probable cause to that of the trial judge who ruled on defendant's motion to dismiss.

The purpose of section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) is to provide a means of summary disposition on issues of law, with the reservation of disputed questions of fact for the trier of fact. (*Inland Real Estate Corp. v. Lyons Savings & Loan* (1987), 153 Ill. App. 3d 848, 506 N.E.2d 652.) Therefore, we conclude that there is sufficient dispute on the issue of probable cause to render dismissal at this stage of the proceedings inappropriate.

Accordingly, we reverse the order of the circuit court and remand for further proceedings consistent with this finding.

Reversed and remanded.

JOHNSON and McMORROW, JJ., concur.