Glenn A. YAWORSKI, Plaintiff,

v.

Donald PATE, Daniel K. McNamara, The Office of the Clerk of the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois and the Village of West Dundee, Illinois, Defendants.

No. 89 C 2882.

United States District Court, N.D. Illinois, E.D.

Aug. 4, 1989.

---

Norman Ruber, Niles, Ill., for plaintiff.

Thomas J. Platt, Kurnik Cipolla Stephenson & Barash, Ltd., Arlington Heights, Ill., and Elizabeth A. Walsh, Illinois Atty. Gen.'s Office, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendants, Donald Pate, Daniel K. McNamara and Village of West Dundee to dismiss Counts II, VII and VIII of the Complaint of plaintiff, Glenn A. Yaworski. The motion is granted.

Plaintiff's action arises from his arrest by defendants Pate and McNamara, both officers on the Village of West Dundee Police department, pursuant to a warrant which plaintiff asserts had been recalled.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Count II, which asserts a claim against Pate and McNamara for malicious prosecution under 42 U.S.C. § 1983, is dismissed. Malicious prosecution, alone, does not give rise to a § 1983 action. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985). Not every action by a public official which may give rise to a tort claim under the common law forms the basis for a § 1983 action merely because of the defendant's status as a public official. Plaintiff must show that the malicious prosecution subjected him to a deprivation of constitutional magnitude. *Id.* As some period of detention is inherent in almost every claim of malicious prosecution under criminal laws, plaintiff's detention does not serve to raise his claim for malicious prosecution to one of constitutional magnitude. Plaintiff's remedy is to pursue, as he has in Count IV, a claim for malicious prosecution under state law.

Count VII which asserts a claim against the Village for excessive force and malicious prosecution, is dismissed. Count VII contains only conclusory allegations of the custom or policy necessary for munici-

pal liability. *See Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). These, under *Strauss v. City of Chicago,* 760 F.2d 765, 767–70 (7th Cir.1985), are insufficient. Specific factual allegations are required. *Id.* Moreover, a single incident does not equal a custom or policy. 760 F.2d at 767. The court rejects plaintiffs attempt to create a de facto custom or policy by dissecting into separate segments the defendants' actions in the incident giving rise to his claims. Of course, Count VII to the extent it advances a malicious prosecution claim, also suffers from the same deficiencies as Count II.

Finally, Count VIII, which alleges a claim against the Village for false imprisonment, is also dismissed. As discussed above, not every action by a public official which gives rise to a tort claim under state law forms the basis for a claim under § 1983. *See Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979) (false imprisonment does not become a violation of the fourteenth amendment merely because the defendant is a state official.)

Accordingly, Counts II and VIII are dismissed with prejudice and Count VII is dismissed without prejudice.

IT IS SO ORDERED.