LAURIE BURGHARDT, Plaintiff-Appellant, v. CLIFF REMIYAC *et al.*, Defendants-Appellees.

Second District   No. 2—89—1115

Opinion filed January 18, 1991.

REINHARD, P.J., specially concurring.

G. Williams Richards and George G. Weber, both of Law Office of G. Williams Richards, of Aurora, for appellant.

E. Jude Duffy III, Robert G. Black, and Thomas A. Brabec, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Lisle, and Daniel M. Purdom and Stephen R. Swofford, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Laurie Burghardt, appeals from the trial court's order in her action for malicious prosecution granting summary judgment to the defendants, Cliff Remiyac, Gwen MacPhail, and Swanson True Value Hardware (Swanson). The sole issue that the plaintiff raises in this appeal is whether a *nolle prosequi* dismissal of the underlying criminal action can support the action for malicious prosecution. The defendants argue that the trial court should be affirmed, regardless of the resolution of the issue raised by the plaintiff, be-

cause there clearly was probable cause to support the criminal charges.

On September 17, 1986, Remiyac, Swanson's office manager, accused the plaintiff, a Swanson employee, of falsifying refund slips to steal money from Swanson. On October 3, 1986, Remiyac signed and verified a criminal complaint. The plaintiff was subsequently arrested.

On February 19, 1987, MacPhail testified at the preliminary hearing on the criminal charge against the plaintiff. After the hearing, the court found that probable cause existed to charge the plaintiff with theft. On September 24, 1987, the case was dismissed upon the State's motion to nol-pros; the order stated, "m/s—nolle pros/insufficient evidence to convict."

The plaintiff filed a two-count complaint against the defendants alleging false imprisonment and malicious prosecution arising out of the facts surrounding the criminal charge. The defendants brought a motion for summary judgment as to both counts which was granted by the trial court. The false imprisonment count is not at issue in this appeal.

In their motion for summary judgment, the defendants argued that the plaintiff could not prove a *prima facie* case on two of the five elements necessary to prove malicious prosecution, *i.e.*, want of probable cause to institute the criminal proceedings and a *bona fide* termination of the proceedings in the plaintiff's favor. Although the trial court granted the defendants' motion, the record included no specific findings as to the basis for the court's ruling. The plaintiff brought a motion for reconsideration which the trial court denied. When questioned as to the basis for his ruling, the trial judge stated, "I don't believe that a nolle prosse is an acquittal or finding of innocence as to a named criminal defendant." The plaintiff brought this appeal.

The first issue presented to this court is whether the plaintiff's showing that the underlying criminal proceedings were dismissed by a *nolle prosequi* order was sufficient to raise a question of fact as to the required element of a termination of the proceeding in favor of the plaintiff.

■■ To state a cause of action for malicious prosecution, the plaintiff must allege facts showing (1) the commencement or continuance of a criminal or civil judicial proceeding by the defendant; (2) *a termination of that proceeding in favor of the plaintiff*; (3) *the absence of probable cause for the proceeding*; (4) the presence of malice; and (5) damages to the plaintiff resulting from the commencement or continuance of that proceeding. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45.) While the plaintiff in a malicious prosecution case

must allege facts which show that the underlying judicial proceeding was terminated in his favor, where the underlying proceeding was criminal in nature, it is not essential that there have been a trial and verdict of acquittal upon the charge involved. (*Rich v. Baldwin* (1985), 133 Ill. App. 3d 712, 714.) Rather, the underlying criminal proceeding must have been *terminated in a manner indicative of the innocence of the accused. Joiner*, 82 Ill. 2d at 45; *Rich*, 133 Ill. App. 3d at 714.

We note that plaintiffs have been permitted to maintain actions for malicious prosecution where the underlying criminal proceedings did not reach an acquittal on the merits. See *Gilbert v. Emmons* (1866), 42 Ill. 143, 146-47 (dismissal of underlying criminal charge upon failure of the grand jury to return a true bill); *Rich*, 133 Ill. App. 3d at 719 (dismissal of underlying criminal charge on speedy-trial grounds); *Reell v. Petritz* (1922), 224 Ill. App. 65, 76 (dismissal of underlying criminal charge on the motion of the prosecutor); *Farris v. Messimore* (1920), 219 Ill. App. 582, 587 (dismissal of underlying criminal charge by justice of the peace upon failure of the complaining witness to appear).

■■ In the case of *Hess v. Missouri Pacific R.R. Co.* (S.D. Ill. 1987), 657 F. Supp. 1066, the Federal court, interpreting Illinois law, held that a *nolle prosequi* termination of prosecution is a *bona fide* termination in the plaintiff's favor; it also held that the only exception to this rule is where the prosecution files the *nolle prosequi* motion as a compromise to benefit the accused. (657 F. Supp. at 1068; see also Restatement (Second) of Torts §§659(c), 660(a) (1977).) We adopt the holding in *Hess* and find that the trial court erred in finding that the *nolle prosequi* order could not prove that the plaintiff's underlying criminal case had terminated in her favor.

The defendants argue that, even if the plaintiff was correct that the underlying criminal proceeding had terminated in her favor, summary judgment must be affirmed here, where the plaintiff has not argued in her appeal that the defendants lacked probable cause for their actions. They also argue that summary judgment was appropriate merely because nothing of record evidences a lack of probable cause. They find support for their latter argument in the fact that, at the preliminary hearing on the plaintiff's criminal charge, the court found that the State had probable cause to charge the plaintiff with theft.

■■ Probable cause has been defined as a state of facts that would lead a man of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. (See *Mack v. First Security Bank* (1987), 158 Ill. App. 3d 497, 502.) It is the state of mind of the one commencing

the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, which is at issue. (See *Robinson v. Econ-O-Corporation, Inc.* (1978), 62 Ill. App. 3d 958, 960.) The existence of probable cause is a complete defense to a malicious prosecution cause of action. *Shaw-Stabler v. Tilgner* (1988), 173 Ill. App. 3d 843, 846.

An arrest under a judicially issued arrest warrant cannot give rise to a false imprisonment claim. (*Weimann v. County of Kane* (1986), 150 Ill. App. 3d 962, 968.) However, under a 1918 Illinois Supreme Court decision, a criminal court's preliminary hearing finding of probable cause is not determinative on the question of whether there existed a probable cause defense to support summary judgment for a malicious prosecution defendant. *Lyons v. Kanter* (1918), 285 Ill. 336, 341; see also Restatement (Second) of Torts §663(2) (1977).

Summary judgment is appropriate only when the pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) Furthermore, in determining whether the moving party is entitled to summary judgment, the court must construe the pleadings, depositions, admissions and affidavits strictly against the movant. (*In re Estate of Whittington* (1985), 107 Ill. 2d 169, 177.) Where a movant for summary judgment supports his motion with evidence, such evidence is taken as true if the respondent offers no counterevidentiary material. See *Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587.

We choose not to rely on the waiver analysis suggested by the defendants' first argument on this issue. However, we examine the defendants' second argument on the merits. Although the defendants misplace reliance on the court's preliminary hearing finding of probable cause, we agree with their conclusion that nothing of record defeats their demonstration of probable cause.

According to the transcript of the preliminary hearing on the plaintiff's criminal charge, filed as an attachment to the plaintiff's memorandum in opposition to the defendants' motion for summary judgment, prior to seeking criminal charges against the plaintiff, the defendants systematically reviewed suspicious Swanson customer refund receipts from a 3½-month period. As a result of that review, they found that during the period that she was employed at Swanson, the plaintiff had been working at each of the times one of the suspicious receipts was made. Apparently she was the only employee for whom that was true. As a follow-up, the defendants checked with one of the customers named on a suspicious refund receipt; he told them

that on the day noted on the receipt, he had been at Swanson and made a purchase, but he had not returned any merchandise. Additionally, the defendants had asked all current store employees, apparently all employees during the relevant period except the plaintiff and one man, whether they had signed the questioned refund receipts; all had denied signing.

In her memorandum opposing summary judgment, the plaintiff disputed the defendants' allegation of no probable cause merely by stating: "[A]n examination of the transcript of [the preliminary] hearing does not reveal any connection between the alleged shortage and any criminal act with which the [plaintiff] was charged." However, that mere conclusory assertion does not raise a question of fact. See *Kaminski v. Missionary Sisters of the Sacred Heart* (1965), 62 Ill. App. 2d 216, 219-20; ·107 Ill. 2d R. 191.

Considering this record, we find that the defendants were entitled to summary judgment as a matter of law. Even construing the proper materials to favor the plaintiff, this record can lead only to the conclusion that the defendants' action of signing a theft complaint against the plaintiff was based upon facts that would lead a man of ordinary caution and prudence to believe or to entertain an honest and strong suspicion that the plaintiff had committed the offense of theft. Our review of the record reveals only a conclusory response by the plaintiff to the evidence in the record showing probable cause, and, thus, no question of fact on probable cause exists. Therefore, summary judgment would have been proper on this issue. Since we can affirm the trial court for any reason supported in the record (see *B.T. Explorations, Inc. v. Stanley* (1989), 187 Ill. App. 3d 23, 25), we affirm the trial court's grant of summary judgment.

For the foregoing reasons, the decision of the circuit court of Kane County to dismiss the plaintiff's complaint is affirmed.

Affirmed.

DUNN, J., concurs.

PRESIDING JUSTICE REINHARD, specially concurring:

I agree with the majority's opinion insofar as it holds that the *nolle prosequi* order in the criminal proceedings is not necessarily fatal to a showing of termination of those proceedings in plaintiff's favor. I further agree that the preliminary hearing finding of probable cause in the underlying criminal proceedings is, at most, evidence of probable cause in the civil proceedings. (*Lyons v. Kanter* (1918), 285

Ill. 336, 341.) Finally, while I agree with the majority that probable cause was demonstrated here and that defendants were entitled to judgment in their favor as a matter of law, I write separately to set forth what I consider to be the proper analysis of this issue.

Here, both parties submitted to the trial court copies of the transcript of the preliminary hearing in the criminal proceeding in support of their respective positions with regard to the entry of summary judgment. While both parties apparently agreed below upon the underlying factual circumstances as detailed in the transcript, they disagreed as to whether such circumstances were sufficient to establish probable cause as a matter of law. The majority cites the statement made in plaintiff's memorandum in opposition to the motion for summary judgment that "an examination of the transcript of [the preliminary] hearing does not reveal any connection between the alleged shortage and any criminal act with which the [plaintiff] was charged." (See 207 Ill. App. 3d at 407.) The majority mistakenly dismisses this statement as a "mere conclusory assertion [which] does not raise a question of fact." (207 Ill. App. 3d at 407.) This statement was not purported to be a fact, but was advanced as an *argument* regarding the inferences which could be drawn from the undisputed facts.

Normally, an issue of fact should be determined by the jury and not on summary judgment where reasonable persons could draw different inferences from the facts which are not in dispute. (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358.) The issue of probable cause in an action for malicious prosecution, however, presents a mixed question of law and fact. Whether the circumstances proved to show probable cause are true is a question of fact, but, if true, whether they amount to probable cause is a question of law to be decided by the court. *Angelo v. Faul* (1877), 85 Ill. 106, 108; *Ely v. National Super Markets, Inc.* (1986), 149 Ill. App. 3d 752, 758; see also Restatement (Second) of Torts §673 (1977).

Here, there is no dispute presented regarding the facts which purport to show probable cause, so the issue is one of law. I agree with the majority that the undisputed facts presented would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that plaintiff committed the offense charged. (See *Freides v. Sani-Mode Manufacturing Co.* (1965), 33 Ill. 2d 291, 295-96.) Defendants' actions showed a careful attempt to determine which of their employees was responsible for the falsified return slips. Accordingly, I agree that the trial court's entry of summary judgment in favor of defendants should be affirmed, but upon a basis different from that articulated by the trial court.