**Frank DiBENEDETTO, Plaintiff,**

**v.**

**CITY OF CHICAGO, a municipal corporation; Vincent Cullotta, individually and as agent of the City of Chicago; Village of Schaumburg, a municipal corporation; and Gina Ohanessian individually and as agent of the City of Chicago, Defendants.**

**No. 94 C 1854.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 27, 1994.

Irene Schild Caminer, James Patrick McCarthy, Arthur Mooradian, Yvonne Spradley La Grone, City of Chicago, Law Dept. Corp. Counsel; Gregory E. Rogus, Martin A. Dolan, Segal, McCambridge, Singer & Mahoney, Ltd.; Vincent James Krocka, Vincent J. Krocka, Ltd., Chicago, IL; and James Michael Chesloe, Willow Springs, IL, for defendants.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court are the separate motions to dismiss of defendants City of Chicago ("City"), Vincent Cullotta ("Cullotta"), and Gina Ohanessian ("Ohanessian"). For the following reasons, the motions are granted.

### I. BACKGROUND [1]

This matter stems from an apparent domestic squabble which resulted in two arrests of the complainant here. Plaintiff Frank DiBenedetto ("DiBenedetto") contends that Ohanessian falsely signed a criminal complaint against him for battery on January 23, 1992. Two days later, Chicago police officers arrested DiBenedetto. On March 24, 1992, Ohanessian signed another allegedly false criminal complaint charging him with harassment of a witness due to a threatening phone call he had made. One year later, on February 2, 1993, the battery charge was dismissed. Similarly, on March 23, 1993, the charges of harassment of a witness and contacting a witness were dismissed.[2]

DiBenedetto filed a two count complaint on March 24, 1994, against the Village of Schaumburg ("Schaumburg"), the City, Cul-

Glenn Seiden and Shari Jan Dekoven, Glenn Seiden & Associates, Chicago, IL, for plaintiff.

1. The following background is taken from the plaintiff's complaint filed March 24, 1994.

2. The court recognizes that a dismissal of criminal charges upon the granting of a motion to *nolle prosequi* does not automatically satisfy the requirement of a resolution favorable to the plaintiff, but serves as a bona fide termination in the plaintiff's favor. *Burghardt v. Remiyac*, 207 Ill.App.3d 402, 152 Ill.Dec. 367, 370, 565 N.E.2d 1049, 1052 (1991); *Hess v. Missouri Pac. R.R.*, 657 F.Supp. 1066, 1068 (S.D.Ill.1987). Although we need not reach this issue of a resolution favorable to the plaintiff, on summary judgment the court would look closely at the transcript of what occurred in the state court where the prose-

cutor moved to *nolle prosequi* (or to "strike off with leave to reinstate") the criminal charges of being battered and then later being threatened by the defendant. "This court declines to take the position that a dismissal of the underlying prosecution in a malicious prosecution action is or is not a *per se* 'termination in favor of the plaintiff.'" *Yaworski v. Pate*, No. 89 C 2882, slip op. at 8 (N.D.Ill. May 6, 1991) (Norgle, J.). Within the statute of limitations following a motion to *nolle prosequi*, the prosecutor might well decide to prosecute by complaint, information, or indictment on the original charges, if not additional charges following further investigation.

lotta, and Ohanessian. Count I alleges constitutional deprivations and seeks relief under 42 U.S.C. § 1983. Count II is based upon the common law claims of malicious prosecution and false imprisonment. In the court's order of April 29, 1994, all policy claims against the City and Schaumburg were dismissed. Schaumburg was later voluntarily dismissed on August 19, 1994. This opinion addresses the validity of the counts as to the remaining defendants.

## II. DISCUSSION

In deciding a motion to dismiss, the court accepts all well-pleaded factual allegations as true, as well as all reasonable inferences that may be drawn from those allegations. *Mid America Title Co. v. Kirk*, 991 F.2d 417, 419 (7th Cir.1993). Because federal courts simply require "notice pleading," this court must construe pleadings liberally. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). In construing reasonable inferences, however, the court need not stretch allegations beyond their sensible and reasonable implications. *Chan v. City of Chicago*, 777 F.Supp. 1437, 1440 (N.D.Ill.1991).

### A. CITY OF CHICAGO

■ The court first addresses whether the City may be dismissed from this action due to Illinois' statute of limitations. The Federal Rules of Civil Procedure provide that a statute of limitations defense is an affirmative defense which should be set forth "in pleading to a preceding pleading." Fed. R.Civ.P. 8(c). However, the statute of limitations is an appropriate ground for dismissal if it clearly demonstrates noncompliance on the face the complaint. *E.E.O.C. v. Park Ridge Public Library*, 856 F.Supp. 477, 480 (N.D.Ill.1994). Because the face of the complaint in this matter does evince a limitations issue, the defense is appropriately raised here. As to the City, Illinois' statute of limitations, and not the limitation of § 1983, controls because DiBenedetto failed to plead that the City had a policy for depriving one of constitutional rights; therefore, § 1983 does not apply. *Monell v. Department of*

*Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that a policy or custom must be alleged to state a § 1983 claim against a municipality); *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985).

■ The Illinois Local Government Tort Immunity Act provides as follows:

No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that injury was received or the cause of action accrued.

745 ILCS 10/8–101. In this matter, the most recent date mentioned in DiBenedetto's complaint was March 23, 1993, the date the charges of harassment of a witness and contacting a witness were dismissed. The complaint was filed over one year later, March 24, 1994. Therefore, even using the most forgiving dates, the claims in count II are time-barred as against the City for exceeding one year. Accordingly, the case against the City is terminated.

### B. CULLOTTA

■ Cullotta argues that the statute of limitations proscribes recovery on the federal claims against him as well. The controlling issue is whether a malicious prosecution claim accrues when one is wrongfully arrested, or when the criminal charges are dismissed. Although § 1983 cases apply the state statute of limitations in personal injury actions, *Kelly v. City of Chicago*, 4 F.3d 509 (7th Cir.1993), the question as to when the limitation period begins is one of federal law, *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Civil rights claims accrue when a plaintiff knows or should know that his constitutional rights were violated. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir.1992). In *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir.1971), the court addressed at what time a malicious prosecution claim accrued. In that case, the wrongful arrest occurred on November 24, 1964, for which the defendant was convicted. *Id.* Three years later, in 1967, the conviction was reversed on appeal. *Id.* The court held that if the arrest was unreasonable under the fourth amendment, then his § 1983 cause of

action arose at that time. *Id.* The subsequent reversal did not delay the accrual of the cause of action.

However, in a concurring opinion, Justice Ginsburg suggested that, for a § 1983 claim to be free from criminal prosecution, the limitation period should begin to run upon dismissal of the criminal charges, not at the start of the state procedures. *Albright v. Oliver,* —— U.S. ——, ——, 114 S.Ct. 807, 816, 127 L.Ed.2d 114 (1994) (Ginsburg, J., concurring). The majority did not address this issue because it was not presented in the petition for certiorari. *Id.* at ——, 114 S.Ct. at 813.

█ Adhering to the law of this circuit, as the court must, DiBenedetto's claim for malicious prosecution is time-barred. The claim accrued when he was arrested on January 25, 1992. (Compl. ¶ 9.) Although DiBenedetto was arrested a second time, (Compl. ¶ 13), he failed to plead the date of the second arrest. The court has no date to determine when a claim stemming from second arrest accrued. Therefore, the court uses January 25, 1992, as the date of accrual for all claims. Since DiBenedetto filed his complaint on March 24, 1994, over two years after the arrest of January 25, 1992, the claims are time-barred. Accordingly, the claims against Cullotta are dismissed.

█ In the event that a more artfully pleaded amended complaint presents facts to avoid the limitation bar, the court addresses the following issue. Cullotta argues that § 1983 does not provide a means to bring a malicious prosecution claim. That is, he argues malicious prosecution is not a constitutional tort, actionable under a § 1983 claim. Malicious prosecution is not generally viewed as actionable under § 1983 in the Seventh Circuit. *Vukadinovich v. Zentz,* 995 F.2d 750, 756 (7th Cir.1993) ("Standing alone, malicious prosecution is not actionable under § 1983"); *Mahoney v. Kesery,* 976 F.2d 1054, 1059–61 (7th Cir.1992); *Easter House v. Felder,* 852 F.2d 901, 910 (7th Cir.1988); *Friedman v. Village of Skokie,* 763 F.2d 236, 239 (7th Cir.1985) ("the common law tort of malicious prosecution does not give rise to a federal constitutional wrong remedied by 42 U.S.C. § 1983."); *Yaworski v. Pate,* 717

F.Supp. 624, 625 (N.D.Ill.1989). In *Mahoney,* the court analogized that if defamation by public officers is not actionable, it would be difficult to conclude that malicious prosecution is. *Mahoney,* 976 F.2d at 1060. The court held that, since the tort is not an exceedingly serious one, malicious prosecution does not rise to the level of a constitutional tort. *Id.*

In *Albright,* the Supreme Court definitively stated that a claim for freedom from criminal prosecution may not be premised upon substantive due process. *Id.* at ——, 114 S.Ct. at 814. However, the Court did not express an opinion as to whether such a claim would succeed premised upon the Fourth Amendment since that issue was not raised in the appeal. *Id.* at ——, 114 S.Ct. at 813. Justice Ginsburg, again in her concurring opinion, discussed the issue and concluded that the Fourth Amendment would proscribe the alleged false criminal prosecution. *Id.* at ——, 114 S.Ct. at 817. Notwithstanding the concurring opinion in *Albright,* this court is not persuaded to stray from the aforementioned precedent of the Seventh Circuit. Accordingly, to the extent that it is premised on § 1983, DiBenedetto's malicious prosecution claim is dismissed.

The two remaining federal claims against Cullotta are for false imprisonment and for a § 1983 violation. The court notes that, curiously, the pleading and motions are devoid mention of the issuance of warrants. *See generally Patton v. Przybylski,* 822 F.2d 697, 699 (7th Cir.1987) (holding that police officers are entitled to rely on a facially valid warrant). The parties acknowledge that criminal complaints were filed and that DiBenedetto was arrested; however, there is no mention of whether a state court issued warrants for either of the arrests. Had warrants been issued, a § 1983 claim against the police officer would most likely not stand. Furthermore, the issue of the officer's qualified immunity was not raised. Government officials performing discretionary functions are generally shielded from liability. *Sherman v. Four County Counseling Center,* 987 F.2d 397, 405 (7th Cir.1993).

Nevertheless, to state a cause of action based upon § 1983, plaintiff's factual allegations must establish that the defendant, acting under color of law, deprived the plaintiff of his constitutional rights. *Parratt v. Taylor*, 451 U.S. 527, 536, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir.1992). Regarding Cullotta, the complaint alleged that, acting under color of state law, he agreed with Ohanessian "to have the plaintiff falsely charged with said offenses, and ultimately arrested." (Compl. ¶ 14.) This smacks of conspiracy, yet no conspiracy was properly alleged. "A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided." *Bowman*, 980 F.2d at 1107. Paragraph 14 is conclusory. The facts provided are insufficient to establish a conspiracy, let alone a conspiracy with a purpose to deprive DiBenedetto his constitutional rights. *See id.* The complaint leaves the court straining to find inferences favorable to DiBenedetto. Even under the liberal motion to dismiss standard, the court need not strain to find favorable inferences which are not apparent within the four corners of the complaint. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir.1977). The court holds that the mere assertion that a police officer "agreed and arranged" to act upon a criminal complaint he believed to be false is not enough to aver a constitutional violation. To hold otherwise would subject every police officer acting on a criminal complaint to a federal case. Accordingly, the constitutional violations against Cullotta are dismissed.

In addition, even if the named police officer had malevolent motives for arresting the plaintiff, the existence of probable cause for an arrest would preclude § 1983 claim for unlawful arrest. *Mark v. Furay*, 769 F.2d 1266, 1268–69 (7th Cir.1985). Whether plaintiff actually battered Ohanessian and, after she signed a criminal complaint against him, threatened her is not material to the determination of probable cause. The issue is whether the police had reasonable grounds to act, not whether it is reasonable to conduct further investigation. *United States v. Edwards*, 415 U.S. 800, 807, 94 S.Ct. 1234, 1239, 39 L.Ed.2d 771 (1974). The test for probable cause is an objective one: "Probable cause does not depend on the witness turning out to have been right; it's what the police know, not whether they know the truth, that matters." *Gramenos v. Jewel Co.*, 797 F.2d 432, 439 (7th Cir.1986). Regarding what the police officers in this case knew, the Seventh Circuit has held that "When an officer has 'received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth,' he has probable cause." *Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir.1991).

## C. OHANESSIAN

As against the last defendant, DiBenedetto claims that Ohanessian, a private citizen, acted under color of state law and, as such, is liable pursuant to § 1983. As the Supreme Court has stated:

> [T]o act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its Agents. Private persons, jointly engaged with state officials in the challenged action, are acting ... "under color" of law for purposes of § 1983 actions.

*Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Goldschmidt v. Patchett*, 686 F.2d 582 (7th Cir. 1982). Private parties willfully participating in a conspiracy with state officials are acting under color of law for purposes of § 1983. *Dennis*, 449 U.S. at 28, 101 S.Ct. at 187; *Bowman*, 980 F.2d at 1107. Since the court holds that the complaint fails to properly plead a conspiracy, Ohanessian cannot be said to have acted under color of state law. Accordingly, the constitutional claims against Ohanessian are dismissed.

## III. CONCLUSION

In sum, the City is dismissed from the suit altogether, and the constitutional claims against Cullotta and Ohanessian are dismissed. The remaining claims are pendant state claims over which the court declines jurisdiction. Accordingly, the entire complaint is dismissed without prejudice. The

court grants DiBenedetto leave to file an amended complaint.

For the foregoing reasons, the court grants defendants motions to dismiss.

IT IS SO ORDERED.