Carlos HENDERSON, and Charlie
Richardson, Plaintiffs,

v.

VILLAGE OF DIXMOOR, a Municipali-
ty; Officer E. Recendez, Star No. 19
Officer Bolanda, Star No. 32, and Offi-
cer Kelly, Star No. 12, all individually,
and in their official capacities as po-
lice officers for the Village of Dixm-
oor, Defendants.

No. 99 C 5908.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 27, 2000.

Robert D. Whitfield, Stanley L. Hill, Chicago, IL, for Plaintiffs.

Elizabeth Ann Knight, Alfred M. Entenman, Knight, Hoppe, Fanning & Knight, Ltd., DesPlaines, IL, for Village of Dixmoor.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Village of Dixmoor's motion to dismiss plaintiffs Carlos Henderson and Charlie Richardson's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants defendant's motion to dismiss.

## I. BACKGROUND

The amended complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The individual defendants are police officers employed by defendant Village of Dixmoor ("the Village"). On May 8, 1997, plaintiff Carlos Henderson ("Henderson") received a traffic citation from one of the defendant police officers. (Pls.Am.Compl., ¶ 8.) After issuing the citation, the defendant police officers followed Henderson to his home where they seized Henderson, causing him to fall to the ground. (*Id.* ¶ 10.) Henderson claims that defendant police officers then kicked and pounched him, sprayed mace (or a similar substance) in his face, handcuffed him and dragged him to a police car. (*Id.* ¶¶ 11–12.) Henderson was arrested and charged with fleeing and eluding, resisting arrest, and assault and battery. (*Id.* ¶ 15.) On August 11, 1997, Henderson appeared in Illinois state court and was found not

guilty on all charges against him. (*Id.* ¶¶ 17, 18.)

Plaintiff Charlie Richardson ("Richardson") is Henderson's grandfather. Richardson was present when Henderson was arrested. During the arrest, one of the police officers pointed his weapon a few feet from Richardson's face. (*Id.* ¶ 33.)

Henderson and Richardson (collectively "plaintiffs") filed their original complaint on May 10, 1999. This complaint alleged state law claims of use of excessive force, assault and battery, false arrest, and malicious prosecution against defendant police officers Recendez, Bolanda, and Kelly. (Compl. at Law, ¶ 17.) Plaintiffs further alleged that the Village was vicariously liable for the conduct of the individual defendants, who were acting within the course and scope of their duties as police officers. (*Id.* ¶ 18.)

The Village filed a motion to dismiss plaintiffs' original complaint arguing that the one year statute of limitations under the Illinois Tort Immunity Act, 745 ILL. COMP. STAT. 10/8–101, expired. The court granted leave for plaintiffs to file an amended complaint, and ordered that the Village's motion to dismiss the original complaint was moot. (*See* Def. Mot. to Dismiss, Ex. C.) Plaintiffs filed their amended complaint on August 13, 1999. The amended complaint no longer alleges state claims but alleges federal claims under the Fourth Amendment and 42 U.S.C. § 1983. (*See* Pls. Am. Compl.) The Village now moves to dismiss plaintiffs' amended complaint contending that claims against the Village are time-barred by the statute of limitations. This case was properly removed to this court under 28 U.S.C. § 1441(c). The court addresses the Village's arguments below.

## II. *DISCUSSION*

### A. *Standard for Deciding a Motion to Dismiss Under Rule 12(b)(6)*

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R. CIV. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985).

### B. *The Village's Motion to Dismiss Plaintiffs' Amended Complaint as Time–Barred*

Plaintiffs' original complaint alleged that the Village was vicariously liable for use of excessive force, assault and battery, false arrest, and malicious prosecution. In their amended complaint, plaintiffs claim that the Village is liable under § 1983 because it failed to adequately train, supervise, or discipline its police officers regarding (1) probable cause for arrest; (2) the use of force in making an arrest; and (3) the completion of accurate police reports and/or statements used in the prosecution of persons accused of crimes. (*See* Pls. Am. Compl. ¶ 29.) The Village moves to dismiss plaintiffs' amended complaint as barred by the statute of limitations.

#### 1. *Statute of limitations for a § 1983 claim*

Section 1983 does not provide a statute of limitations. In a § 1983 action, the federal courts adopt the forum state's

statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Under Illinois law, the statute of limitations for personal injury—and § 1983—actions is two years. 735 ILL. COMP. STAT. 5/13–202. Accordingly, plaintiffs' § 1983 claims are subject to a two-year limitations period. Moreover, civil rights claims accrue when a plaintiff knows or should know that his constitutional rights were being violated.[1] *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir.1993).

■■■ Henderson was arrested on May 8, 1997. Thus, plaintiffs' claims for excessive force, assault and battery, and false arrest accrued on that date. In addition, plaintiffs bring a claim for malicious prosecution. A judgment of not guilty was entered in favor of Henderson on August 11, 1997, which is the date of accrual for that claim. On August 13, 1999, plaintiffs filed their amended complaint alleging federal violations under § 1983 against the Village. The filing of the amended complaint on August 13, 1999 exceeds the two-year limitations period for bringing any § 1983 claim. Thus, plaintiffs' § 1983 claim against the Village survives only if the filing of plaintiffs' amended complaint relates back to the May 10, 1999 filing of their original complaint.

## 2. *Relation back*

Federal Rule of Civil Procedure 15(c) allows an amendment to the pleading to relate back to the date of the original pleading when (1) relation back is permitted by the law that provides the statutes of limitations applicable to the action, or (2) the claim asserted in the amended complaint arose out of the conduct, transaction or occurrence set forth in the original pleading. FED. R. CIV. P. 15(c). Because Illinois law governs the statute of limitations, the court must examine Illinois' law on relation back.

Section 2–616(b) of the Illinois Code of Civil Procedure permits the relation back of an amended pleading to avoid the running of the statutes of limitations if two requirements are met: (1) the original pleading must have been timely filed, and (2) the original and amended pleadings must indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set forth in the original pleading. *Digby v. Chicago Park District*, 240 Ill.App.3d 88, 181 Ill.Dec. 43, 608 N.E.2d 116, 118 (1992).

Plaintiffs argue that their amended complaint relates back to the original because the original adequately stated a § 1983 claim. The plaintiffs contend that the original complaint alleged (1) "malicious prosecution, false arrest and use of excessive force" which are all state law claims, but also actionable under § 1983, and (2) that the individual defendants were all police officers acting in that capacity. (Pls. Br. in Opp'n to Def. Mot. to Dismiss at 5.) This, however, is not enough to state a § 1983 claim against the Village.[2]

■■■ Plaintiffs' original complaint sought relief against the Village under the theory of respondeat superior:

"Defendant Village is liable for the conduct of [the individual defendants] since said defendants were, at all times relevant hereto, *acting within the course and scope of their duties as police offi-*

---

1. Federal Rule of Civil Procedure 6(a) provides that the statute of limitations begins to run the day after the incident occurs. The time period is extended until the next business day, if the last day of the limitations period falls on a Saturday, Sunday or a holiday. FED. R. CIV P. 6(a). In this case, May 8 and May 9, 1999 fell on Saturday and Sunday. Thus, the statute of limitations expired on May 10, 1999.

2. Although plaintiffs cite Federal Rule of Civil Procedure 8(a), this reliance is misplaced.

The original complaint was filed by plaintiffs in Illinois circuit court. Thus, it is not subject to a notice pleading standard, as provided in the Federal Rules of Civil Procedure. Plaintiffs' complaint is subject to Illinois' heightened fact-pleading standard. Thus, the complaint—which alleges only vicarious liability—does not plead facts sufficient to state a claim for violation of § 1983 against the Village.

*cers* when they committed, and or failed to perform the acts complained of above."

(Pls. Compl. at Law, ¶ 18 (emphasis added).) A "municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dept. of Social Serv. of City of N.Y.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order for a municipality to be liable under § 1983, a complaint must allege that the municipality had a policy or custom which deprived plaintiff of a constitutional right. *Id.* at 691–94, 98 S.Ct. 2018; *Collins v. Metcalfe*, No. 95 C 4231, 1996 WL 637592, at *1 (N.D.Ill. Oct.18, 1996).

In the original complaint, the only basis for liability asserted by the plaintiffs is respondeat superior. Further, plaintiffs failed to plead that the Village had a policy for depriving plaintiffs of a constitutional right.[3] Thus, plaintiffs' original complaint could not state a § 1983 claim against the Village; the two-year statute of limitations for § 1983 claims does not apply. Accordingly, the statute of limitations provided in the Illinois Tort Immunity Act applies to the original complaint. *See DiBenedetto v. City of Chicago*, 873 F.Supp. 106, 108 (N.D.Ill.1994) (holding that plaintiff was subject to Illinois Tort Immunity Act's statute of limitations because, without pleading a policy or custom, plaintiff could not state a § 1983 claim).

The Illinois Tort Immunity Act provides: "No civil action may be commenced in any court against a local entity or any of the employees for any injury unless it is commenced within *one year* from the date that the injury was received or the cause of action accrued."

745 ILL. COMP. STAT. 10/8–101. Thus, under Illinois law, plaintiffs had to bring their claims against the Village within one year of the date of accrual. In other words, to bring timely claims for excessive use of force, assault and battery, and false arrest, plaintiffs should have filed their original complaint on or before May 8, 1998. To bring a timely claim for malicious prosecution, plaintiffs should have filed that claim by August 11, 1998. Plaintiffs did not file any claims against the Village until May 10, 1999. Thus, plaintiffs' original complaint was untimely with respect to the claims brought against the Village. *See* 745 ILL. COMP. STAT. 10/8–101.

Because the original complaint was not timely, plaintiffs cannot satisfy the first element of relation back. *See* ILL. CODE OF CIV. P. § 2–616(b) (requiring that the original complaint must be timely in order to permit relation back). Thus, the amended complaint cannot avoid the running of the statute of limitations.[4] Accordingly, the Village's motion to dismiss plaintiffs' amended complaint is granted with respect to all claims brought against the Village.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendant's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to all claims brought against defendant Village of Dixmoor. This case against the Village of Dixmoor is dismissed with prejudice. Judgment is in favor of defendant Village of Dixmoor and against plaintiffs Henderson and Richardson.

---

**3.** Plaintiffs' amended complaint also fails to allege that the Village had a policy or practice, as required in § 1983 claims against a municipality. *See Monell*, 436 U.S. at 694, 98 S.Ct. 2018. The Village does not raise this issue in its motion to dismiss. However, because the amended complaint does not relate back to the original, its inadequacies are moot.

**4.** Although the Village argues that the amended complaint—because it must be based upon a policy or custom of the Village—does not arise from the same facts or occurrence as the original claims (which arise from the arrest and prosecution), the court need not address this issue.