Carlos HENDERSON, and Charlie Richardson, Plaintiffs,

v.

**VILLAGE OF DIXMOOR, a Municipality; Officer E. Recendez, Star No. 19 Officer Bolanda, Star No. 32, and Officer Kelly, Star No. 12, all individually, and in their official capacities as police officers for the Village of Dixmoor, Defendants.**

**No. 99 C 5908.**

United States District Court, N.D. Illinois, Eastern Division.

June 15, 2000.

Robert D. Whitfield, Law Offices of Robert D. Whitfield, Chicago, IL, for plaintiff.

Elizabeth A. Knight, Alfred M. Entenman, Knight, Hoppe, Fanning & Knight, Ltd., Des Plaines, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Dennis Bolanda's motion to dismiss plaintiffs Carlos Henderson and Charlie Richardson's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants defendant's motion to dismiss.

## I. BACKGROUND

Plaintiffs Carlos Henderson ("Henderson") and Charlie Richardson ("Richardson") (collectively "plaintiffs") filed a complaint against defendant Village of Dixmoor (the "Village") and individual defendant police officers employed by the Village. Defendant Officer Dennis Bolanda ("Bolanda") is a police officer with the Village.

On January 27, 2000, the court granted the Village's motion to dismiss and the Village was dismissed with prejudice from the case. *Henderson, et al. v. Village of Dixmoor, et al.*, 80 F.Supp.2d 939 (N.D.Ill. 2000) (holding that, because the original complaint against the Village was not timely filed, the amended complaint could not relate back and was, therefore, barred by the statute of limitations). At the time the Village filed its motion to dismiss, none of the individual defendants had been properly served pursuant to Federal Rule of Civil Procedure 4(a)–(c). On February 8, 2000, the court granted plaintiffs an extension of

time in which to serve the individual defendants Recendez, Bolanda, and Kelly: plaintiffs had until February 22, 2000 to serve those defendants. (*See* Ct. Order dated Feb. 8, 2000.) On February 24, 2000, plaintiffs asked for another extension of time in which to serve the individual defendants. The court granted that motion and gave plaintiffs until March 2, 2000 to serve the individual defendants. (*See* Ct. Order dated Feb. 24, 2000.) By March 2, 2000, plaintiffs obtained service on Officer Bolanda but had not completed service on Officers Recendez and Kelly. The court dismissed Recendez and Kelly as parties to the case pursuant to Federal Rule of Civil Procedure 4(m). (*See* Ct. Order dated March 7, 2000.) Thus, Officer Bolanda is the only remaining defendant.[1]

Plaintiffs filed their original complaint in the Circuit Court of Cook County on May 10, 1999. The original complaint alleged state tort claims of excessive use of force, false arrest, malicious prosecution, and intentional infliction of emotional distress. (Pls.Compl. at Law ¶¶ 15–17, 24–26.) The Village filed a motion to dismiss plaintiffs' original complaint based upon the one year statute of limitations under the Illinois Tort Immunity Act, 745 ILCS 10/8–101. The state court granted plaintiffs leave to file an amended complaint, and ordered that the Village's motion to dismiss the original complaint was moot. Plaintiffs filed their amended complaint on August 13, 1999. The amended complaint alleges federal law claims relating to violations of plaintiffs' Fourth Amendment constitutional rights under 42 U.S.C. § 1983 (" § 1983"). (*See* Pls.Am.Compl.) Defendants then properly removed the case to this court pursuant to 28 U.S.C. § 1441(c).

Because the court has already issued an opinion in this case, and for the sake of brevity, the court will not restate the underlying facts of this case. The facts may be found in *Henderson*, 80 F.Supp.2d at 940–41. Any additional facts, the court will discuss in further detail under the appropriate section.

In his motion to dismiss, Bolanda argues that plaintiffs' amended complaint is untimely. Specifically, Bolanda argues that Henderson's § 1983 claims—filed on August 13, 1999—are barred by the two-year statute of limitations. Further, Bolanda argues that the amended complaint cannot relate back to plaintiffs' original complaint because that, too, was untimely. Plaintiffs, on the other hand, claim that the amended complaint relates back to their original complaint filed on May 10, 1999. The court addresses these arguments below.

## II. *DISCUSSION*

### A. *Standard for Deciding a Motion to Dismiss Under Rule 12(b)(6)*

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. Of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). The court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, a complaint must include either direct or inferential

---

1. In Count V of plaintiffs' amended complaint, plaintiff Charlie Richardson brought a claim against only Officer Kelly. Because Kelly has been dismissed from this case, Richardson no longer has a claim upon which

relief can be granted. *See* FED.R.CIV.P. 12(b)(6). Accordingly, the court dismisses plaintiff Charlie Richardson from this case. Thus, Henderson is the only remaining plaintiff for purposes of this motion to dismiss.

allegations with respect to all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## B. *Bolanda's Motion to Dismiss Plaintiffs' Amended Complaint as Time–Barred*

Plaintiffs filed their original complaint with the Circuit Court of Cook County, Illinois on May 10, 1999. This complaint alleged state law claims of use of excessive force, false arrest and malicious prosecution against defendant Bolanda. (Pls.Compl. at Law ¶¶ 15–17.) In their amended complaint, plaintiffs claim that Bolanda is liable under § 1983 because he violated Henderson's Fourth Amendment rights. (*See* Pls.Am.Compl. ¶¶ 20, 27.) Bolanda now moves to dismiss plaintiffs' amended complaint as barred by the statute of limitations.

### 1. *Statute of limitations for a § 1983 claim*

■ Section 1983 does not provide a statute of limitations. In a § 1983 action, the federal courts adopt the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Under Illinois law, the statute of limitations for personal jury actions is two years. 735 ILL.COMP.STAT. 5/13–202. Accordingly, plaintiffs' § 1983 claims are subject to a two-year limitations period. Moreover, civil rights claims accrue when a plaintiff knows or should know that his constitutional rights were being violated. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

■ Henderson was arrested on May 8, 1997. Thus, Henderson's § 1983 claims based upon the theories of excessive force and false arrest accrued on that date.[2] In addition, Henderson brings a § 1983 claim for malicious prosecution. A judgment of not guilty was entered in favor of Henderson on August 11, 1997, which is the date of accrual for that claim. On May 10, 1999, plaintiffs filed their original complaint, alleging only state law claims. On August 13, 1999, plaintiffs filed their amended complaint alleging federal violations under § 1983. The filing of the amended complaint on August 13, 1999, two years and three months after the arrest occurred, exceeds the two-year limitations period for bringing a § 1983 claim. Plaintiffs' claim for malicious prosecution, filed two years and two days after the claim accrued, is also beyond the statute of limitations for bringing that action. Thus, Henderson's § 1983 claims against Bolanda survive only if the filing of plaintiffs' amended complaint relates back to the May 10, 1999 filing of their original complaint.

### 2. *Relation back*

Federal Rule of Civil Procedure 15(c) allows an amendment to the pleadings to relate back to the date of the original pleading when (1) relation back is permitted by the law that provides the statutes of limitations applicable to the action, or (2) the claim asserted in the amended complaint arose out of the conduct, transaction or occurrence set forth in the original pleading. FED.R.CIV.P. 15(c). Under, Illinois law, an amendment can relate back to the amended pleading if two requirements are met: (1) the original pleading must have been timely filed and (2) the original pleading grew out of the same transaction or occurrence set forth in the original pleading. ILL.CODE CIV.P. § 2–616(b); *see also Digby v. Chicago Park Dist.*, 240 Ill. App.3d 88, 181 Ill.Dec. 43, 608 N.E.2d 116, 118 (1992). In the current claim against Bolanda, the cause of action did arise out

2. Federal Rule of Civil Procedure 6(a) provides that time for purposes of statute of limitations begins to run the day after the incident occurs. The time period is extended until the next business day, if the last day of the limitations period falls on a Saturday, Sunday or a holiday. FED.R.CIV.P. 6(a). In this case, May 8th and May 9th, 1999 fell on Saturday and Sunday. Thus the statute of limitations expired on May 10, 1999.

of the same transaction—that being the arrest and prosecution of Henderson. The only inquiry, therefore, is whether the original complaint was timely.[3]

Plaintiffs' original complaint clearly alleges state law tort claims against all the defendants. (*See* Pls.Compl. at Law ¶¶ 15–19, 24–26.) Under the Illinois Tort Immunity Act, all tort claims against a municipality "or any of its employees" must be brought within one year from the date of injury or accrual. 745 ILL.COMP. STAT. 10/8–101. Thus, plaintiffs' original complaint—alleging tort law claims against a police officer—had to be brought within one year of the date of accrual.[4] *Id.* Plaintiffs did not bring their original complaint within one year. Thus, the original complaint is—on its face—untimely.

Plaintiffs, on the other hand, argue that the original complaint was, in fact, timely because it alleged both state and federal law claims against the defendants and, therefore, was subject to the two-year statute of limitations for § 1983 claims. Specifically, plaintiffs contend that their original complaint was timely because it adequately stated a § 1983 claim. In support of their argument, plaintiffs claim that the original complaint "contained factual allegations of malicious prosecution, false arrest and use of excessive force" which are all constitutional violations actionable under § 1983. (Pl.Resp. to Def. Bolanda's Mot. to Dismiss at 5.) Bolanda disagrees, arguing that plaintiffs' original complaint was based strictly on state tort

law and was, accordingly, untimely. The issue, therefore, is whether plaintiffs' original complaint brought a claim under § 1983.

To state a cognizable claim under § 1983, a plaintiff must allege that (1) a person acting under color of state law engaged in conduct that (2) deprived plaintiff of a right, privilege or immunity guaranteed to him under the constitution. *Collins v. Johnson,* No. 98 C 6682, 1999 WL 311699, at *1 (N.D.Ill. May 13, 1999) (citing 42 U.S.C. § 1983). Specifically, Henderson must allege that he was deprived of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiffs' original complaint fails to make such an allegation.

Although the actions of the police officers, including Bolanda, could have given rise to claims under § 1983, the court cannot simply choose to read a separate legal theory into plaintiffs' complaint. In fact, the court is governed by the well-pleaded complaint rule. *See People v. Northbrook Sports Club,* No. 99 C 4038, 1999 WL 1102740 (Ill.App.Ct. Nov. 24, 1999). Under the well-pleaded complaint rule, the court allows plaintiff to be master of the complaint, giving deference to the specific claims which plaintiff has brought and accepting that plaintiff has purposefully avoided those otherwise-actionable claims not alleged. *Id.* For example, defendants could not have removed the original com-

---

**3.** In addressing the Village of Dixmoor's motion to dismiss, the court found that plaintiffs' original complaint did not state a claim under § 1983 because it only alleged liability under the theory of respondeat superior—it did not contain any factual allegations of a policy or procedure as required under § 1983. *Henderson,* 80 F.Supp.2d at 942–43 (citing *Monell v. Dept. of Social Serv. of City of N.Y.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that a municipality cannot be liable for § 1983 actions under the theory of respondeat superior)). Subsequently, the court found that, because Illinois law requires all tort claims against a municipality be brought within one year from the date of

accrual (*see* ILL.COMP.STAT. 10/8–101), the original complaint was untimely. *Id.* For this same reason, the claim against the Village did not arise out of the same transaction or occurrence. However, to state a § 1983 claim against an individual like Bolanda, plaintiff need not allege a policy or practice.

**4.** In other words, to bring timely claims for excessive use of force and false arrest, Henderson should have filed the original complaint on or before May 8, 1998. To bring a timely claim for malicious prosecution, Henderson should have filed that claim by August 11, 1998.

plaint to federal court as it was clear—on the face of the original complaint—that plaintiff was seeking only state court relief. *See id.* (finding that, while the action in question may give rise to federal claims, a federal question must appear on the face of the complaint in order for removal to be proper). Likewise, plaintiffs cannot now argue that their original complaint sought relief which was not alleged simply to avoid a statute of limitations.

Further, that plaintiffs' original complaint brought only state law tort claims is evidenced by plaintiffs' use of the tort "buzz" words: plaintiff clearly alleged all the elements of a tort action (duty, breach, injury, intentional and negligent conduct which caused the injury). (Pls.Compl. at Law ¶¶ 15–19, 24–26.) Second, plaintiffs' amended complaint—which did specifically allege constitutional violations—came only after the Village moved to dismiss the original complaint as untimely. Section 1983 is not an obscure statute that would make it difficult for plaintiffs to recognize a federal violation. In fact, plaintiffs did allege a constitutional violation under § 1983 in their amended complaint. Third, plaintiffs brought their original complaint in state, not federal, court. Finally, under Illinois' fact-pleading standard, plaintiffs' original complaint, filed in state court, had to be both factually and *legally* sufficient. *See Sider v. Outboard Marine Corp.*, 160 Ill.App.3d 290, 112 Ill. Dec. 35, 513 N.E.2d 449, 454 (1987) (holding that if a complaint fails to set forth a legally recognizable claim, such failure mandates dismissal of the complaint). In this case, plaintiffs' original complaint failed to allege the violation of a constitutional right and, thus, did not state a legally cognizable claim under § 1983.

It is clear that plaintiffs chose to bring state tort claims against the defendants in their original complaint. Although plaintiffs could have brought § 1983 claims on May 10, 1999, they did not do so. Thus, the original complaint was subject to the one-year statute of limitations set forth in the Illinois Tort Immunity Act and was, therefore, untimely.

Because the original complaint was not timely, plaintiffs' amended complaint cannot relate back to the original complaint. *See* ILL.CODE OF CIV.P. § 2–616(b) (requiring that the original complaint must be timely in order to permit relation back). Thus, plaintiffs' amended complaint cannot avoid the running of the statute of limitations. Accordingly, the court grants Bolanda's motion to dismiss plaintiffs' amended complaint.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendant's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to all claims brought against defendant Bolanda. The case is dismissed, in its entirety, with prejudice. Judgment is in favor of defendant Bolanda and against plaintiffs Henderson and Richardson.